SAMUEL C. RAYMOND vs. ADMINISTRATOR OF THE ESTATE OF
EZRA ISHAM.

Interest allowed on a merchant's accounts when he sells on a credit, after the time of credit has expired.

No interest allowed on mutual accounts when there is no stipulated period of credit, and when the balance may vary from time to time.

This cause came to the county court upon an appeal from commissioners, and tried upon facts agreed upon, to wit :

That the account on the books of said Raymond, deducting the credit, amounts to $467 90

And the account on the books of E. Isham, deducting the credit, amounts to 150 97

Leaving a balance as principal, $316 93

BENNINGTON,
February,
1836.

Raymond
vs.
Isham.

We find the accounts of the parties commenced in 1816, and continued in mutual deal until the year 1830. The account of the plaintiff is for merchandize, and that of E. Isham is for services as a physician.

If interest is to be cast on the running account, after the usual time of credit up to the present time, it will be the sum of two hundred and fifty-seven dollars and three cents, which is to be added to the above balance.

If interest is to be cast from the close of the dealings between the parties, it will amount to the sum of $95 79. It is further agreed that it was the known custom for Mr. Raymond to charge interest on accounts after six months, but no express promise or contract was ever made between the parties for the payment of interest, or any conversation respecting it whilst said account was accruing, and that no statement of said account was furnished to said Isham, or evidence to show that said Isham was particularly apprised by said Raymond that he should charge interest, to his recollection. It is further agreed that said Raymond, at several times, called on said Isham for the settlement of their respective accounts, but the same was postponed, because one or the other of the parties was not ready.

On the trial it was contended on the part of the defendant, that from the law arising from the facts agreed upon, the plaintiff was not entitled to recover for any sum for interest, in addition to the principal of his account; and the court decided pro forma, and by consent of parties, that the plaintiff was entitled to recover the sum of $257 03, for interest in addition to his balance of principal, making in the whole $573 96. To this opinion of the court the defendant excepted.

Mr. P. Isham for defendant.—It appears from the case that the respective accounts of the parties commenced in 1816, and was continued in mutual dealing to the year 1830. There was never a liquidation of the account by the parties—no statement of the same ever furnished to either, and no contract ever made for the payment of interest, or any conversation in relation to it. In such case the rule in England has been uniform, that interest can-

BENNINGTON,
February,
1836.

Raymond
vs.
Isham.

not be recovered; and the rule is not varied by a sale at 3 or 6 months. Such sale, says Lord Ellenborough, means "that the vendee shall not be called on for payment, but that it is still a contract for the payment of goods, on which interest cannot be recovered.—1722, Bunbury R. 119—1730, Barns' cases 228, *Pinock* vs. *Willett*—1771, 3 Wilson R. 205, *Blanby* vs. *Hendricks*—1806, 6 Esp. N. P. R. 45, *Charlie* vs. *Duke of York*—1810, 2 Camp. N. P. R. 429, *Gordon* vs. *Swan*—Do. 12 East. R. 418, *do.* vs. *do.*—1812, 15 East. R. 223, *Carlton* vs. *Bragg*——1825, 6 B. & C. 715, *Shaw* vs. *Pictors*.

The rule is the same in chancery, on a devise for the payment of debts; though interest will be allowed on simple contract debts, it will not be on book accounts.—14 Viner Abj. 457—3. Chan. R. 64, *Dolman* vs. *Pritman*—2 Atk. R. 110 *Lloyd* vs. *Williams*—3 Vesey R. 134, *Parker* vs. *Hutchinson*—3 John. Ch, 587.

In this country the same rule has been adopted in relation to open, mutual and unliquidated accounts, and interest has always been refused.—Pennsylvania, 1 Dall. 265, *Henry* vs. *Risk*—Do. 315, *Williams* vs. *Craig*—Virginia, 2 Hen. and Mump. 603—2 Call. R. 358—Kentucky, Hardin 518, *South* vs. *Leany*—1 Bibb 325, 446, *Harrison* vs. *Handley*—S. Carolina, 4 M'Cord R. 392, ——— vs *Magrath*—Massachusetts, 2 Gall R. 45, *Gammill* vs. *Skinner*—12 Mass.—New York, 12 John. R. 158, *Kane* vs. *Smith*—6 John R. 45, *Newell* vs. *Griswold*—2 Wend. R. 501, *Wood* vs. *Hickok*—7 Wend. R. 178, *Doyle* vs. *St. James's Church*—3 Cowen R. 419, *Glass Factory* vs. *Reed*—Vermont, Bray R. 133, *Houghton* vs. *Hagar*—2 Vt. R. 539, *Bates* vs. *Starr*—5 Vt. R. 177, *Catlin* vs. *Aikin*.

It appears that it was the general custom of Mr. Raymond to charge interest after six months. This, however, is not a universal custom among merchants. Some charge from date, others from three, six and nine months, others still charge or not charge, depending on the nature of their dealings and the probability of the continuance of their custom.

There exists nothing between the parties that shews that such a claim was ever contemplated,—no payment of interest on former settlements and the like; neither did Mr. Raymond ever apprise the defendant that he charged interest on his accounts. But whatever may be his custom, this can never prevail against the general rule of law, unless it is such a general custom as by which all are bound, and such as exists between the English and American rade.—1 Dallas R. 265—2 Wend. R. 501.

There was no demand ever made for payment of the account, though it appears Mr. Raymond requested a settlement of their respective accounts, or requested to have their accounts liquidated, but this was mutually postponed by the parties.

BENNINGTON;
*February*,
1836.
Raymond
*vs.*
Isham.

Interest is generally allowed where the accounts are balanced by the parties after it becomes due.—6 Ep. R. 45. And if the court should be of opinion that interest should be cast, it is claimed that it can be allowed only from the close of the dealings between them.

*D. Robinson jr. for plaintiff.*—It is a general rule, where it is known to be the custom of merchants or others to charge interest on their accounts after a certain time of credit, the law will presume the purchaser, or person for whom services are rendered, promises to pay such interest.—1 Con. R. 32—Swift's Digest 714.

When goods are sold, to be paid for at a certain time, interest ought to be allowed after that time.

The time of credit given by Mr. Raymond was six months, and this was known to defendant, the *reason* of the foregoing rule is applicable to the present case.

Where articles are delivered or service performed and charged on book, and *no time* is agreed on when payment should be made, yet if it appears from the nature of the transaction, that they were to be paid for in a reasonable time, and payment is *unreasonably* delayed, interest will be recovered as damages.

In this case the expected time for payment is spring and fall, and payment was unreasonably delayed, and especially as the plaintiff called several times on defendant for a settlement of their respective accounts.

The above rules have been universally followed in this state and in Connecticut.

We have not followed the English and New York practice on this subject.—*Bates vs. Starr*, 2 Vt. R. 539.

The *implied promise* to pay interest is as binding as an express contract to pay interest.—*Swift.*

The fact that the plaintiff does not recollect that he particularly apprised defendant, that he should charge interest, or that any conversation respecting interest passed between them, does not preclude the idea, that defendant knew Mr. Raymond's custom of charging interest on account after six months.

Bennington,
*February,*
1836.

Raymond
*vs.*
Isham.

It was not necessary to make and furnish defendant a *statement* of the account to entitle] plaintiff to interest. He called on defendant several times for a settlement, and it was his own neglect that he did not know the balance due.

Again, if partial payments are made, interest will be allowed on the balance, though the accounts are unliquidated.—*Swift.*

Are there any facts in the case that rebut the presumption, that the defendant was to pay interest? Defendant knew the plaintiff exacted interest on his account after six months.

Does the fact, that the account commenced in 1816 and continued until the year 1830, imply that the plaintiff did not mean or expect to exact interest as on other accounts. Could the defendant consider that, because plaintiff neglected to sue him, that he was to *give in the interest?*

The fact tends to prove the contrary, that the plaintiff calculated to receive interest as in other cases.

There is nothing in the case from which it can be presumed that the balance was *constantly varying,* sometimes in favor of the one and sometimes in favor of the other; but from the large balance due plaintiff, the contrary is to be presumed.

That the defendant was a physician is not such a fact, as we conceive, from which it could be presumed that the plaintiff did not expect to exact, and the defendant did not expect to pay interest.

If then it was the known *custom* of Mr. Raymond to charge interest on his accounts after six months, it must be considered to be the understanding of the parties, that interest should be paid accordingly.

The case in Brayton, 134, was decided on the ground that it was not the *custom* in England, where the goods were bought, nor in Montreal, where the goods were to be paid for, to exact interest; and the law of England would not enforce it.

The opinion of the court was delivered by

Williams, Ch. J.—The question in this case is, whether the plaintiff is entitled to interest on his account.

By the rules or practice of the English courts, interest probably would not be allowed in a case similar to this, although there is no subject on which the law is more unsettled. It is considered by some of their elementary writers, that there is, at this day, no settled law upon the subject of allowing interest. In the case of *Bates* vs. *Starr,* 2 Vt. R. 536, it was observed, that the rule in relation to interest in the English courts and in the courts of the

BENNINGTON,
*February,*
1836.
Raymond
*vs.*
Isham.

state of New York, had not been adopted here.   Our practice is more conformable to that which prevails in the state of Connecticut.

Where a merchant sells goods by retail, on a credit of three or six months, or a year, those who deal with him are expected to settle and pay the balance due at the expiration of the time of credit.   A contract to pay interest on whatever may be due from the expiration of this time of credit, may therefore be implied. The customers of the merchant are supposed to be acquainted with the time of credit, as they can by enquiry easily ascertain it. The prices at which the goods are sold are, in some measure, regulated by the credit given.   In the case under consideration, from the practice which has generally obtained in this state, from the known usage and custom of Mr. Raymond, as well as of other merchants, to cast interest on their accounts after six months, we think there was an implied contract on the part of Dr. Isham to pay interest after the usual time of credit.   Considering the case as governed by the implied contract, no interest would be recoverable where there were mutual accounts and dealings between two, and no stipulated period of credit, and when the balance might continually vary.   In such a case, the inference from the dealings between the parties, would be, that no interest should be cast on either side.

The judgment of the county court, which was for the largest sum, is therefore affirmed.