Wood *v.* Smith.

---

## John Wood *v.* Frederic Smith.

*Interest upon running accounts.  Sale of spirituous liquors by one having special license.*

In order to warrant an allowance of interest upon a running account, by computing interest upon the semi-annual balances, some facts must be disclosed, from which an implied undertaking to pay interest thus computed may justly be raised.   In the absence of all such showing, it has been considered in this state, that the objection to pay interest would not arise, until the expiration of a reasonable time to settle the account and make payment.   And this, in analogy to the common law rule in other cases, has been regarded as one year from the accruing of the particular indebtedness, to which the interest is applied.

It will not be assumed by the court, in the absence of all evidence as to the facts of the particular case, that, by the universal or general custom of merchants in this state, six months is the longest period of ordinary credit, as understood between them and their customers, at the end of which payments of all balances of account are expected to be made, or that the general custom of merchants in this state is to charge interest semi-annually.

A sale of spirituous liquors in this state, by one having a license, under the statute of 1846, to sell for medicinal, chemical and mechanical purposes, made to a person having a similar license, is not rendered unlawful by the fact, that they are thus sold in large quantities, and for the purpose of being again sold by the vendee, pursuant to his license.

Book Account.   Judgment to account was rendered in the county court, and an auditor was appointed, who reported substantially as follows.

The account of the plaintiff consisted principally of charges for goods purchased by the defendant at the plaintiff's store in Middlebury ; and the principal charges in the defendant's account were for lumber delivered to the plaintiff, or for sawing logs at the defendant's mill in Ripton.   The items of interest charged in the plaintiff's account, amounting to $138,76, were disallowed.   A large part of the plaintiff's account was for spirituous liquors sold to the defendant, who was an inn-keeper in Ripton.   Previous to May, 1847, neither party had a license of any kind to sell spirituous liquors; but from May 1, 1847, to May 1, 1848, each of the parties had a license to sell for medicinal, chemical and mechanical purposes only.   The defendant claimed, that none of the plaintiff's charges, for liquor

Wood v. Smith.

sold previous to May 1, 1848, should be allowed; but the auditor allowed all the charges for liquor sold to the defendant from May, 1, 1847, to May 1, 1848, amounting to $177,93, and disallowed all the charges previous to May 1, 1847, amounting to $202,70. In computing interest,|the auditor ascertained the balance due to the plaintiff at the end of each six months, and computed interest thereon to the time of the audit. At the· end of the last six months the balance for that time was in favor of the defendant; and the auditor computed interest on that balance to the time of the audit, and deducted it from the amount of interest computed on the balance in favor of the plaintiff. As the accounts were allowed by'the auditor, there was a balance due from the defendant to the plaintiff of $402,97. The facts were reported by the auditor in reference to various other matters connected with the accounts; but as no question was made in respect to them in the supreme court, they need not be detailed.

The county court, December Term, 1850,—PIERPOINT, J., presiding,—accepted the report, and rendered judgment for the plaintiff, for the balance reported by the auditor. Exceptions by defendant.

*C. Linsley* and *J. A. Beckwith* for defendant.

The allowance of interest, in this state, must depend either upon a contract of the parties, express, or implied,—as in *Raymond v. Isham,* 8 Vt. 258, and *Everts v. Nason,* 11 Vt. 122; or upon unreasonable and wrongful detention of payment,—as in Brayt. 133. *Bates v. Starr,* 2 Vt. 536. *Catlin v. Aiken,*·5 Vt. 177. *Williams v. Finney,* 16 Vt. 297, and *Pawlet v. Sandgate,* 19 Vt. 622; or upon equitable considerations, as in *Newell v. Keith,* Ex'r, 11 Vt. 214. This case does not fall within either of these principles. ` The report does not disclose any express contract, nor any circumstances, from which a contract for payment of interest can be implied. There was no demand, and hence' no wrongful detention of payment. The balance was continually varying,—payments being made almost daily, and hence there was no unreasonable delay; and there is no equity, requiring payment of interest.

The auditor erred, in allowing for liquors charged in 1847–8. It appears, that the defendant was an inn-keeper in the small town of Ripton, and bought of the plaintiff, in twelve months, $177,00 worth

of liquor.   It is incredible, that the state of the defendant's health required this quantity for medicinal purposes; and it must follow, that the plaintiff sold these liquors, knowing they were to be otherwise appropriated.   The plaintiff's license authorised the sale only for the purpose expressed in it; and the sale to any person with the view to sell again for any purpose is not one of the purposes expressed in his license.

*Barber & Bushnell* for plaintiff.

The statute of 1846 does not require, that a person, licensed to sell for medicinal, chemical and mechanical purposes only, shall be licensed as a "wholesale dealer," in order to justify him in selling more than twenty gallons at any one time.   Acts of 1846, pp. 19–21, §§ 6–14.   Liquors are used for chemical and mechanical purposes in large quantities, requiring the sale in large quantities.

A person, licensed to sell for medicinal, chemical and mechanical purposes only, may sell to other persons, having the same license, to sell again.   The license is not in the nature of a personal trust; but if it were, the nature of the trust is, that the person licensed will sell only for the purposes mentioned in his license.   There is no presumption of law, that a man will disobey the law, or that he has disobeyed the law, until the fact is shown.   *Sissons* v. *Dixon*, 5 B. & C. 758.   In the absence of all proof, that the sale to the defendant was for any other purposes, than those authorized by his license, the sale to him would be legal.

The rule adopted by the auditor for the allowance of interest is correct.   *Raymond* v. *Isham*, 8 Vt. 258.

The opinion of the court was delivered by

ROYCE, Ch. J.   This was an action on book account, in which exceptions were taken to the judgment of the county court, accepting the auditor's report in favor of the plaintiff.   Two objections only are now urged;—first, to the allowance of interest on the plaintiff's account in the manner stated by the auditor,—and, second, to the allowance of that portion of his account, which consisted of liquors sold to the defendant.

Interest is not necessarily a part of a debt, unless expressly made so by the terms of the contract; as when there is an undertaking to

pay the debt *with interest.* But in most *other* cases of indebtedness, the creditor is *allowed* by the law of this state, under certain circumstances, to claim interest, though he is not *obliged* to insist upon it, or to treat it as a part of his demand. In these cases, where the claim is made and sustained, the debtor is held liable for interest upon a contract implied. And this implication of a contract to pay interest is made upon the ground, that, in the given case, justice to the creditor will not be done without it.

And hence, as a general rule, if a time of payment is limited by the contract, and the debtor make default of payment at the time, interest is thereafter allowed in the nature of damages for the detention of the debt. It is also allowed, where there is a known custom, or usage, to charge or claim interest, and where the parties may be supposed to have adopted the usage as one of the terms of their dealing. The court proceeded on this latter ground in allowing interest in the case of *Raymond* v. *Isham,* 8 Vt. 258.

In the present case, the auditor refused to allow the plaintiff interest, as he had computed it, and adopted the rule of casting interest on the semi-annual balances of the account. This was substantially the mode of computation sanctioned by this court in *Raymond* v. *Isham.* But no facts, or reasons, are given in the report, for taking this rule of computation in preference to some other. Nothing is said as to the time of credit, on which the plaintiff sold his goods to the defendant, nor whether any time of payment was agreed upon. Neither is any thing found by the auditor, as to any agreement or expectation of the parties on the subject of interest, nor even as to the plaintiff's previous practice in regard to charging interest. The case, as it appears upon the report, is therefore materially different from the one above cited, since it wants the important fact of a known custom of charging interest at the end of every six months, on which that case was decided.

It seems to follow, that we can only sanction the allowance of interest upon the auditor's rule, by assuming, that, by the universal or general custom of merchants in this state, six months is the longest period of ordinary credit, as understood between them and their customers, at the end of which payment of all balances of account are expected to be made ;—or else, that the general custom of our merchants is to charge interest semi-annually. We are not prepared

to assume either of these positions. Six months may be a more frequent and general period of credit, than any other, and the practice of thus charging interest may, indeed, prevail to a considerable extent. But we are satisfied, that in neither of these particulars is the custom so uniform and general, as to warrant us in assuming, that it is known and tacitly assented to by the whole community. The present was the case of a mutual running account, in which the balances were continually varying in amount, though they were uniformly more or less against the defendant. It was also a case, where the dealing, to a considerable extent, was a barter deal,—the defendant receiving supplies and making payment in lumber. This may have affected both the prices, at which the plaintiff charged his goods, and the period of credit, as understood between the parties.

We think, that, to warrant an allowance of interest as here made, the report should disclose some ground, on which an implied undertaking of the defendant to pay it may justly be raised. In the absence of all such showing it has been considered in this state, that the obligation to pay interest would not arise, until the expiration of a reasonable time to settle the amount and make payment. And this, in analogy to the common law rule in other cases, has been regarded as one year from the accruing of the particular indebtedness, to which the interest is applied. Upon this part of the case the decision below is considered erroneous, and the judgment must therefore be reversed.

Upon the other subject presented and discussed, we discover no sufficient ground for disturbing the judgment. The sale of liquors, during the period for which the plaintiff was allowed to recover on such items, was prohibited to all persons not having a special and restricted license, namely, to sell for medicinal, chemical and mechanical purposes only. But each of these parties had such a license for that period; and we think, that a sale for the *bona fide* purposes mentioned in the license should be protected, though a secondary sale, to effect the application of the liquors to those purposes, if to be made by a person duly licensed, was in contemplation of the parties. And though the amount of liquors sold to the defendant was large, there is not enough in the report to justify any legal inference, that the parties designed to violate the law.

Judgment reversed and case recommitted on the subject of interest.