ROGER BIRCHARD v. THE ESTATE OF ISAAC N. KNAPP, deceased.

### Interest.

The extent to which the doctrine of allowing interest on book accounts has been carried in this State, is to cast simple interest on the yearly balances up to the time of final adjustment. It is not proper to add the interest to the principal each year, and thus obtain interest upon interest, unless the parties have agreed that interest shall be so computed, in which case their agreement will be enforced.

APPEAL from the disallowance by commissioners of the plaintiff's claim against the estate of Isaac N. Knapp, deceased.

The case was referred in the county court, and the following facts were reported by the referee:

The plaintiff presented eight bills of account against the intestate which he claimed had, from time to time, according to their respective dates, been rendered to the intestate during his life time. The plaintiff claimed a balance of one hundred and fifteen dollars and fifty-seven cents, to be due to him on the 20th of October, 1857, but the administrator of the intestate admitted only fifty-three dollars and eighty-three cents to be then due. This difference lay simply in their modes of casting interest.

The plaintiff was a merchant, and began selling and charging goods to the intestate in 1836, and kept an account of debt and credit with him in the usual way. He annually made and delivered to the intestate a bill of the account, struck the balance and passed that balance to a new account, and cast the interest upon such balance for each succeeding year, and made it a part of the principal, so that he cast interest in this way upon interest each successive year; and this fully appeared from the bills which were annually delivered to the intestate, who, it appeared, made no objection to this mode of computing interest.

The defendant claimed that a balance of account should be ascertained annually, and that only simple interest should be cast upon such balances from the time they were struck.

The referee reported that if the mode of computing interest adopted by the plaintiff was correct, there was due to him from the estate of the intestate one hundred and fifteen dollars and fifty-seven cents, and interest from October 20th, 1857; but if not, that only fifty-three dollars and eighty-three cents, and interest from the same date, was due.

Upon this report, the county court, at the April Term, 1858, —Redfield, Ch. J., presiding,—rendered judgment for the smallest sum reported, to which the plaintiff excepted.

————— —————, for the plaintiff, cited *Freeland* v. *Heron*, 7 Cranch 147; *Dawes* v. *Durfee*, 10 Barb. 213; 12 Barb. 288; 4 Sanf. 311; *Coopwood* v. *Bolton*, 4 Cush. 26; *Gleason* v. *Briggs*, 28 Vt. 135; *Brainard* v. *Champlain Trans. Co.*, 29 Vt. 154; *Bates* v. *Starr*, 2 Vt. 536; *Raymond* v. *Isham*, 8 Vt. 258; *Wood* v. *Smith*, 23 Vt. 706; *State of Connecticut* v. *Jackson*, 1 Johns. Chan. 13; *Stoughton* v. *Linch*, 2 Johns. Chan. 214; *Deane* v. *Williams*, 17 Mass. 417; *Williams* v. *Houghtailing*, 3 Cowen 88; *Story* v. *Livingston*, 13 Peters 376.

*Bradley & Kellogg*, for the defendant, cited *Wheelock* v. *Monkton*, 13 Vt. 430; *Raymond* v. *Isham*, 8 Vt. 258; *Wood* v. *Smith*, 23 Vt. 606; *State of Connecticut* v. *Jackson*, 1 Johns. Chan. 13; *Waring* v. *Cunliff*, 1 Vesey Jr. 98; *Von Hemert* v. *Parter*, 11 Metcalf, 210; *Toll* v. *Hiller*, 11 Paige 228; *Townshend* v. *Corn-*

Birchard *v.* Estate of Knapp.

*ing,* 1 Barb. 627; *Catlin* v. *Lyman,* 16 Vt. 44; *Brown* v. *Bark-man,* 1 P. Wms. 652; 9 Vesey 271.

PIERPOINT, J.　The question in this case arises on the report of the referee as to the method of casting interest on the plaintiff's account.

It appears from the report that the plaintiff, who was a merchant, had kept an open account with the intestate for many years prior to his death, keeping debt and credit; that each year the plaintiff had drawn off the account from his books, both debt and credit, ascertained the balance due, and carried it into a new account, casting the interest on the balance and adding it to the principal, so that interest was cast upon interest each successive year.　These accounts so drawn off were delivered by the plaintiff to the intestate.　The credits consisted of cash, notes and articles of personal property delivered to the plaintiff and entered to the credit of the intestate in the plaintiff's books.

It is now insisted by the counsel for the plaintiff, that the method adopted by him in casting the interest is correct.　The right to cast compound interest is not claimed by the plaintiff, but it is insisted that the same rule should be adopted that is recognized and adopted in casting interest on notes, where payments have been made thereon and indorsed; that is, that the payments made to the plaintiff during each year, and passed to the credit of the intestate on the plaintiff's books, should be applied, first, in payment of the interest upon the account, and the balance, if any, go in extinguishment of the principal.　This has been long recognized in this State as the true rule of casting interest upon promissory notes and other obligations of a like character, drawing interest, but our courts have never adopted it as applicable to running accounts.　The extent to which the doctrine of allowing interest on book accounts has been carried in this State, is to cast simple interest on the yearly balances, up to the time of final adjustment, but not to allow interest upon such interest. The interest is not to be added to the principal, and thus become a part of the balance on which future interest is to accrue.　This was expressly held in the case of *Langdon* v. *The Town of Caston,* 30 Vt. 285.

The rule allowing interest on notes where the principal is fixed and definite, never varying, except as it may be reduced by indorsements, would be an exceedingly inconvenient one when applied to the ordinary dealings between man and man, the evidence of which is kept in the form of book accounts, the books of neither party rarely presenting in themselves the true state of the accounts between them, the real balance being ascertainable only by bringing the parties and their books together. The balance may be constantly changing in favor of the one or the other, and may be due to one party to-day and to the other to-morrow.

Again, the property that is transferred by the one to the other, is not ordinarily regarded by either as a payment, but as a matter to be charged or credited upon book, and to be adjusted in their final settlement.

The application of the rule in relation to interest, claimed by the plaintiff, to transactions of this character, would be at variance with the universal understanding and practice of business men in this State, and the rules of law on the subject as already established. Indeed, the plaintiff himself did not act upon this rule in casting the interest upon the accounts which he presented to Knapp. He cast interest upon the yearly balance and carried it into the general account. The practical result, it is true, was substantially the same.

But it is said that in this case the parties have mutually agreed upon the rule of casting interest. We have no doubt that the parties may agree that interest shall be paid upon the interest that may accrue upon their accounts. There is no legal objection to their doing so, and if the parties in this case have done so, then the plaintiff is clearly entitled to a judgment for the largest sum reported by the referee.

In support of this position it is urged that, from the fact that when the plaintiff presented Knapp with the accounts, the interest being cast and added in as reported by the referee, Knapp made no objection, he is therefore to be regarded as having assented to its correctness, and as agreeing to pay it. Whether Knapp did assent to, or agree to pay, the interest as charged in the account, is a fact that the commissioner has not found. It does not appear that he had any knowledge on what principle

the interest was cast, or that the amount of interest that was carried into the account from time to time, included interest that had accrued upon interest. It does not appear but what Knapp was an illiterate man, and wholly incapable of casting interest; and if so, his silence on the subject would afford but slight ground on which to predicate an inference against him. But whatever inference is to be drawn from his silence, is an inference of fact that is to be drawn by the referee and the county court, and not by this court. And it is apparent, from the fact that the county court rendered a judgment for the smallest sum found due by the referee, that they did not infer any such assent or agreement from the facts reported.

The judgment of the county court is affirmed.