## Henry Goodnow *v.* Benjamin B. Parsons.

### *Admissions. Practice. Negotiable Paper. Interest.*

The plaintiff and defendant made an effort to settle about the time the suit was brought, and the defendant then stated that there was no trouble with the plaintiff's charges, or with the debit side of his book. *Held,* that this admission was clearly proper evidence tending to show his assent to the correctness of the charges.

Where evidence is proper to be received, the referee, in a case before him, is the exclusive judge of its sufficiency to establish the fact which it tended to prove, and his finding in this respect can not be reviewed on exceptions.

Where it is found that under his plea in offset a defendant's specification and proofs in respect to the quantity of goods delivered by him to the plaintiff are not reliable, the plaintiff's admission in favor of the defendant upon that point may be received as a recognition by the plaintiff of the defendant's claim against him to the extent specified in the admission.

Where the plaintiff held the defendant's note payable in *time* to R. or bearer, and the defendant knew the plaintiff held it, and made no objection to the note when the plaintiff presented it to him, this; in connection with the fact

Goodnow *v.* Parsons.

that large quantities of lime were delivered by the defendant to the plaintiff, would justify a referee in allowing the note, though not negotiable, in adjusting the defendant's claim against the plaintiff for deliveries of lime.

The plaintiff introduced a paper containing a list of notes, which his testimony tended to prove was shown to the defendant on the day of the date of the paper, and that he made no objection to them at that time. The defendant denied that he had ever seen the paper or examined the notes previous to the suit. The paper was offered as tending to prove the time when this was done, as claimed by the plaintiff. *Held,* that it was admissible for this purpose in connection with the testimony of the plaintiff upon the same point, although the referee did not find that it was in fact shown to the defendant, or that the date on the paper was authentic.

The rule of computing interest in this state, in cases of ordinary running accounts on book, not controlled as to interest by a different contract, express or implied, is to make annual rests, and to allow interest thereafter on the balance in favor of the party to whom it may be due.

The custom of a party to charge interest from the time of delivery of goods when credit was given, would not take the case out of the operation of the ordinary rule, until the other party was informed of such custom.

ASSUMPSIT for goods sold and delivered. Common counts. Plea, the general issue, and plea in offset. The cause was referred, and the referee reported the facts as follows :

The plaintiff, a merchant doing business in Whitingham, claimed to have kept the credit as well as the debit side of the account, and presented a specification of his credits, transcribed from his books. He did business at the time the account accrued upon the cash price system, and when a credit was given, it was upon the ground that interest was to be paid from the time of delivery, but charges paid within a month from the delivery of the goods, were received without adding interest. The referee cast interest from the end of each month on the charges of that month—and also cast interest from the dates of the credits in the same manner.

The defendant objected to the allowance of certain items charged as delivered to others on the defendant's account, upon the ground that he did not authorize the plaintiff to sell the goods, or the parties to whom they were delivered to purchase

them on his, the defendant's account. Neither of the persons to whom the goods were delivered were produced as witnesses upon the trial. The parties made an effort to settle about the time the suit was brought, and at this time the defendant stated that there was no trouble with the plaintiff's charges or with the debit side of his book, but he complained that the plaintiff had not credited him for all the lime he had received, and he said the same to Mr. Hicks at his office about the same time.

The defendant under his plea in offset presented a specification of his claim. The defendant's house was burnt in May, 1856, and his original book containing charges against the plaintiff, together with most of his papers, were also consumed by the fire. The defendant claimed and testified that the specification presented by him was copied from one which was copied from his book, for the purpose of settling with the plaintiff before the fire, and that one of his brothers now living in Illinois assisted him to copy it. The testimony of this brother was not produced, and no reason was shown for not having produced it. And the referee reported that from all the evidence given at the hearing, some of which was very positive, he was not able to satisfy himself that the specification was a copy from the defendant's book, or of any paper copied from his book; on the contrary, from a clear balance of proof, that it was made up from recollection, and was therefore not reliable. And as the defendant introduced no proof as to the quantity of lime delivered to the plaintiff, except said specification, and the paper from which it was copied, sustained by his own testimony, the referee adopted as the basis upon which to determine the amount of the defendant's offset, the credits as entered upon the plaintiff's book, and the admissions of the plaintiff, sustained by the testimony of his son, then a clerk in his store, as to the difference in the quantity of lime claimed by the defendant and the quantity credited on the plaintiff's book when they attempted to settle in 1856, before the fire and when the defendant had his book present.

The defendant objected to the allowance of the note numbered "2," payable to Joel Ranney or bearer, in *lime,* upon the ground

that it was not negotiable. But the same was allowed subject to be varied by the opinion of the court.

Before the suit was commenced, this, with the other notes, were looked over by the parties, and no objection was then made to this or any other of the said notes, orders or scrip. The plaintiff requested the defendant to deliver the lime in payment of all the notes, and of his account, and that he called on the defendant at various times before the commencement of the suit for the payment of all the notes, but he did not make a special demand upon this or any one in particular of the notes.

The plaintiff offered in evidence the paper numbered " 28," containing a list of notes with interest cast thereon, and accompanied with the testimony of himself and son, who was clerk as before stated, that the interest was cast upon the notes therein, in the presence of the defendant, and also that at the same time the interest was cast upon both sides of the account and the balance on said paper was then struck ; that the parties were then making an effort to settle, and the whole of the plaintiff's account was read to the defendant, and that the defendant then made no objection to any of the items except the goods delivered Stafford, and the parasols. The defendant in his testimony denied that he ever examined or heard read the items of the defendant's account throughout, or that he ever examined the notes or knew of the interest being cast on them until after the suit was commenced in this case. All which the plaintiff and his son said was done at the date on the paper, No. " 28," of April 18, 1856.

The admission of the paper was objected to, and the objection was overruled, and the paper was received as evidence tending to prove a time when the parties looked over their accounts, and that the defendant knew what the plaintiff's claims were, to which he did not object, and which he at a subsequent time in substance, admitted to be correct.

The balance found due the plaintiff, subject to be varied by the court, was $417.65.

At the September Term, 1862, NEWTON, Ass't J., presiding,

Goodnow *v.* Parsons.

the report was accepted, and judgment rendered for the sum of $417.68, to which the defendant excepted.

*H. E. Stoughton,* for the defendant.

There was error in the allowance of interest after one month, on the facts represented by the auditor. The rule is to allow interest on annual balances. *Langdon* v. *Castleton,* 30 Vt. 285 ; *Birchard* v. *Estate of Knapp,* 31 Vt. 679. The authority to deliver the goods to third persons is not to be inferred from what transpired at the attempted settlement. It should appear that the defendant saw the charges on the plaintiff's book. The auditor should not have received the admissions of the plaintiff to sustain his credits to the defendant, as entered upon the plaintiff's books.

Note No. 2, payable to Ranney or bearer, in lime, was not negotiable, and could only be sued in the name of Ranney, after failure of payment. Neither this note, nor the other, if objected to, could be charged on book unless upon being canceled. *Barlow* v. *Butler,* 1 Vt. 146 ; *Farrand* v. *Gage,* 3 Vt. 326. Nor could interest be charged on the note payable in *lime.*

Paper No. 28 could be rendered admissible only by satisfying the auditor that such a paper did exist, and was presented to the defendant. He also cited *Vilas* v. *Downer,* 21 Vt. 419 ; *Small* v *Haskins et al.,* 30 Vt. 172 ; *Blodgett* v. *Adams,* 24 Vt. 23.

*Hix & Streeter,* for the plaintiff.

The admissions of the defendant were properly received. *Hill* v. *Pratt,* 29 Vt. 119 ; *Mattocks* v. *Lyman et al.,* 16 Vt. 113 ; *Fenno* v. *Weston,* 31 Vt 345 ; *Gale* v. *Lincoln,* 11 Vt. 152. The note payable to Joel Ranney or bearer in *lime* was rightfully allowed. *Moar* v. *Wright,* 1 Vt. 57 ; *Bucklin* v. *Ward,* 7 Vt. 195 ; *Hodges* v. *Eastman,* 12 Vt. 358.

KELLOGG, J. The admissions of the defendant that there was no trouble with the plaintiff's charges, or with the debit side of

the plaintiff's book were clearly proper evidence tending to show his assent to the correctness of the charges, and no exception lies to the judgment of the referee in respect to the credit or weight which he gave to the legal and proper evidence in the case. If the evidence was proper to be received, the referee was the exclusive judge of its sufficiency to establish the fact which it tended to prove, and his finding in this respect can not be reviewed on exceptions.

We do not regard the defendant's objection to the reception of the admissions of the plaintiff in respect to the quantity of lime delivered to him by the defendant as being well founded. The referee was not satisfied with the proof introduced by the defendant on this point, and adopted as the basis upon which to determine the amount of the defendant's offset in this respect the credits as entered upon the plaintiff's book, and the admissions of the plaintiff, sustained by the testimony of his son, who was a clerk in his store, as to the difference in the quantity claimed by the defendant and the quantity credited on the plaintiff's book, on the occasion of a previous attempt at a settlement, when the defendant's book was present. The effect given by the referee to the admissions of the plaintiff was, to the extent of those admissions, in favor of a claim of the defendant against the plaintiff, and the admissions were not received by the referee otherwise than as a recognition by the plaintiff of the defendant's claims against him to the extent specified in the admissions. Neither were the admissions received to corroborate the testimony of the son, as insisted on by the defendant. On the contrary, the referee's report shows that the testimony of the son was introduced to corroborate and sustain the accuracy of the plaintiff's credits; and after the referee had found that the defendant's specification and proofs in respect to the quantity of lime delivered by him to the plaintiff were not reliable, the plaintiff's admissions became evidence in favor of the defendant upon that point; and the referee's report does not show that he received the admissions for any purpose except as an acknowledgment by the plaintiff of liability *pro tanto* on account of the

lime delivered to him by the defendant. It does not appear that these admissions were made by the plaintiff while testifying as a witness on the trial before the referee, and no statement in the referee's report relating to the admissions is inconsistent with the fact that the defendant himself might have introduced and used them on the trial as evidence in his own behalf.

The note numbered 2, payable to Ranney, was by its terms payable with interest; and was for a sum certain, payable in lime. It would, of course, carry interest according to its terms. This note was not negotiable, although made payable to Ranney, or bearer, because it was not payable in money absolutely. The defendant knew that the plaintiff held this note, and it was "looked over" by him while in the plaintiff's hands, and he made no objection to this note at that time. The report does not show any distinct express promise by the defendant to pay the note to the plaintiff, but we think that the course of dealing between the parties, and the knowledge of the defendant that the plaintiff held this note, and his making no objection to the note when it was presented to him by the plaintiff, in connection with the fact that large quantities of lime were delivered by him to the plaintiff, would fairly justify the inference that there was a mutual expectation of the parties that the defendant's claims against the plaintiff for the lime so delivered would be settled in connection with this note, and that the note should be adjusted between them in that way. This would support the allowance of the note made by the referee in adjusting the defendant's claims against the plaintiff for deliveries of lime; and we do not think that the referee erred in making this allowance.

The paper numbered 28, to the admission of which as evidence by the referee the defendant objected, was received by the referee as evidence tending to prove a date or time which became material in its connection with the testimony of the plaintiff and his son as detailed in the referee's report. That testimony tended to show that this paper was shown to the defendant, and although the referee has not found that it was in fact shown to the defendant, or that the date on the paper was authentic or sufficiently

Goodnow *v.* Parsons.

established, yet from its connection with the testimony of the plaintiff and his son in respect to the date or time when the parties examined their accounts, it had a tendency to prove a fact denied by the defendant, which became material on the trial; and if it had any tendency to establish the fact so controverted, there was no error in its admission by the referee as evidence.

The report does not show that there was any express agreement between the parties in respect to the rule of computing interest upon their respective accounts, or that the defendant had any knowledge of the plaintiff's custom or course of dealing in computing interest on his accounts. The plaintiff's claim to interest computed on the monthly balances of his account must stand either on the express contract of the parties, or on a contract implied from their course of previous dealing, or from the other special circumstances of the case. It is settled in this State that in cases of ordinary running accounts on book, not controlled as to interest by a different contract, express or implied, the rule of computing interest is to make annual rests and to allow interest thereafter on the balance in favor of the party to whom it may be due. A person dealing with another has a right to rely upon the application of this rule on the settlement of his account, unless the circumstances of the case are such as to affect him with notice or knowledge of the usage, custom, or claim of his creditor to compute interest by making rests at shorter periods than one year; and the defendant's dealings with the plaintiff must be taken to have been had with the expectation that they would be adjusted according to the settled rule and custom, unless it is made to appear that he had information that the plaintiff would insist upon a different rule. There is nothing in the referee's report which will warrant the inference that the defendant knew any thing about the plaintiff's practice or custom in respect to casting interest on his accounts; and the report does not show any special circumstances from which a contract on the part of the defendant to pay interest according to the rule insisted on by the plaintiff and adopted by the referee can be inferred. The plaintiff's practice or custom in this respect would not take

the case out of the operation of the ordinary rule, or become binding upon the defendant, until the defendant was informed of it, and would then be applicable only to the subsequent dealings between them. These views are fully supported by the cases of *Langdon* v. *Town of Castleton*, 30 Vt. 285 ; *Birchard* v. *Estate of Knapp*, 31 Vt. 679 ; and *Wood* v. *Smith*, 23 Vt. 706 ; and, as the referee's report does not show any such facts as would warrant the computation and allowance of interest on the monthly balances of the plaintiff's account, the judgment of the county court allowing the plaintiff to recover interest so computed is reversed, and judgment is to be rendered in favor of the plaintiff for the balance in his favor on the claims allowed by the referee to the parties respectively as stated in the report, with interest on the yearly balances of account according to the ordinary rule, instead of interest on the monthly balances as computed by the auditor.