### L. G. HAMMOND'S ADMR. v. M. O. HAMMOND.

#### May Term, 1904.

Present:   ROWELL, C. J., TYLER, START, STAFFORD, and HASELTON, JJ.

#### Opinion filed August 2, 1904.

*Statute of Limitations—Payment on Account—Evidence—
        Interest—Annual Balances.*

The mere fact that decedent's books, in a long account against the
    defendant, show two charges against him for articles sold, one of
    25 cents each on January 5; one charge of 70 cents on September
    30; two charges, aggregating 45 cents on September 4; and on
    September 7, two credits, one of 45 cents for squash and one for
    $1.20 for butter, does not tend to show that either the squash or
    the butter was delivered in payment of any specific items of the
    account, so as to prevent its being a general credit thereon.
In assumpsit on a book account interest should be computed on the
    annual balance.

  GENERAL ASSUMPSIT, with specification of book ac-
count.   Plea, the general issue.   Heard on the report of a
referee at the December Term, 1903, Windsor County, *Mun-*

*son,* J., presiding.  Judgment that the plaintiff recover 91 cents and interest..  The plaintiff excepted.

The referee reported that the decedent and the defendant were brothers; that the former was a merchant and the latter a farmer during all the time covered by the account, which was nearly thirty years; that the decedent's books of account were received in evidence without objection; that solely from an inspection of said books he found that the credits in question were intended to apply on the specific debit items named in the opinion, and not on the general account, and submitted to the court whether he was justified in so doing.

*William W. Stickney, John G. Sargent,* and *Homer L. Skeels* for the plaintiff.

When payments appear on an open account the law applies such payments to the earlier items of the account.  2 Greenl. Ev. 243; *Morgan* v. *Tarbell,* 28 Vt. 498; *Pierce* v. *Knight,* 31 Vt. 707; *St. Albans* v. *Faley,* 46 Vt. 448; *Crampton* v. *Pratt,* 106 Mass. 257; *Sunwich* v. *Fish,* 2 Gray 298; *Atkins* v. *Atkins,* 71 Vt. 422; *Jeffers* v. *Pease,* 74 Vt. 215.

Each item of payment takes the whole account out of the Statute of Limitations.  *Abbott* v. *Keith,* 11 Vt. 525.

*Butler & Moloney* for the defendant.

There is nothing on the book to show that the credits in question were paid on the general account.  *Robinson & Wiggins* v. *Doolittle,* 12 Vt. 249; *Hicks Est.* v. *Blanchard,* 60 Vt. 681.

An inspection of the account shows these items to have been specific payments.  *Hodges* v. *Manley,* 25 Vt. 210; *Harris* v. *Howard's Est.,* 56 Vt. 695; *Abbott* v. *Keith,* 11 Vt. 525; *Chapman* v. *Goodrich,* 55 Vt. 356.

START, J.  The important inquiry is whether the squash credited on the plaintiff's account at forty-five cents and butter at one dollar and twenty cents, under the date of September 7, 1895, are general credits.  If they, or either of them, are such credits, the account is not barred by the Statute of Limitations, and the plaintiff is entitled to recover.  The evidence, which it is claimed tends to show that these items were delivered in payment of specific items of the account, is as follows: There is a charge on the plaintiff's account of twenty-five cents for soda, and a like sum for sugar, under the date of January 5, 1895, and a charge subsequent to the credit of the butter, under the date of September 30, 1895, of seventy cents for salt, and these charges amount to one dollar and twenty cents; and there is a charge of thirty-five cents for coffee and ten cents for codfish, under the date of September 4, 1895, amounting to forty-five cents.  If these facts tend to show that the squash and butter were delivered in payment of these items upon the debtor side of the account, then the referee so finds; otherwise he finds they are general credits upon the account.

These facts do not tend to show that the butter was delivered in payment of any specified item or items of the account.  In amount it does not correspond with any one charge upon which it is claimed it should apply.  In order to get a sum that will equal the credit, the referee goes back in the account some nine months to two items amounting to fifty cents, and forward to an item, subsequent to the credit, of seventy cents.  In going back in the account, we find many charges of fifty cents to which the credit will apply equally as well as to the two items under the date of January 5, 1898.  Also, there is a charge of one dollar and twenty cents on which the credit might apply without dividing it.  In going

forward in the account, we find an item of fifty cents for paper charged on the same day that the seventy cents for salt is charged. It is not probable that the parties intended the credit to apply upon anticipated transactions in part only, when the credit would just extinguish the indebtedness arising from that transaction. Under these circumstances, it will not be presumed that the parties intended to divide the credit and apply a part on particular charges that preceded it and a part on an indebtedness to thereafter accrue, when there was an existing indebtedness exceeding the credit on which it would naturally apply. There being no evidence tending to show that the butter was delivered in payment of any specific items of the account, it must be considered and applied as a general credit upon the account.

The referee computed interest on the annual balances. In this there was no error. *Langdon* v. *Caselton,* 30 Vt. 285.

*Judgment reversed, and judgment for the plaintiff to recover the balance of account found due by the referee, on the basis that no part of the account is barred by the Statute of Limitations, with interest.*