TRUMAN R. GORDON v. SILAS O. MEAD.

January Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed March 3, 1908.

*Attorney and Client—Interest on Running Accounts Between Them—How Computed—Annual Rests and Balances—Attorney's Failure Seasonably to File Exceptions—Effect on Attorney's Right to Compensation for Subsequent Services in Supreme Court.*

The general rule that in cases of ordinary running book accounts not controlled by special contract, express or implied, and unaffected by exceptional circumstances, interest should be computed by making annual rests and allowing simple interest on the annual balances, applies to running accounts between attorney and client.

Where the evidence is made a part of the bill of exceptions for a specified purpose, it is no part of the record for any other purpose.

An attorney can recover nothing from his client for services in briefing and arguing a case in the Supreme Court, where such services were of no avail to the client because the attorney failed to file the exceptions within thirty days from the rising of the county court, regardless of whether the attorney was negligent in failing so to file them; for he was bound to know that there was no case in the Supreme Court to be argued.

BOOK ACCOUNT. Plea, the general issue. Trial by court at the September Term, 1907, Washington County, *Waterman*, J., presiding. Judgment for plaintiff for the amount of his account down to the time that the case in question went to the Supreme Court, with interest only on the balance of the whole account to that time, and costs. The plaintiff excepted.

The only reference to the evidence made by the bill of exceptions is, "Transcript of that part of the testimony which relates to the right of plaintiff to compensation for services rendered in the Supreme Court, in and about the conduct of

the defendant's case, is referred to and made a part of this bill of exceptions.''   See *Mead* v. *Moretown,* 72 Vt. 323.

*Truman R. Gordon,* and *George W. Wing* for the plaintiff.

The interest on plaintiff's account should have been computed by making annual rests and allowing interest on the balance thus determined.   *Carpenter* v. *Welsh,* 40 Vt. 251; *Langdon* v. *Castleton,* 30 Vt. 285; *Spencer* v. *Woodbridge,* 38 Vt. 492; *Bates* v. *Starr,* 2 Vt. 536; *Wood* v. *Smith,* 23 Vt. 706; *Birchard* v. *Knapp,* 31 Vt. 679; *Goodnow* v. *Parsons,* 36 Vt. 46; *Davis* v. *Smith,* 48 Vt. 52; *Holt* v. *Howard,* 77 Vt. 49; *Yearteau* v. *Bacon's Est.,* 65 Vt. 516; *Hammond's Admr.* v. *Hammond,* 76 Vt. 437.

It has never yet been held by this Court that the mere fact that the services of an attorney in this Court did not avail or benefit his client was a sufficient legal ground upon which to deny him compensation therefor, when it did not appear that he was guilty of laches or had acted in bad faith toward such client.

*L. C. Moody,* and *Zed S. Stanton* for the defendant.

''An attorney cannot recover for his services which, on account of his omission or mistake, were of no avail to his client.'' *Nixon* v. *Phelps,* 29 Vt. 198.   ''An attorney must be acquainted with the statutes and the settled rules of practice in the courts prevailing in the locality wherein he practices and is responsible for loss to his client resulting from ignorance therein.'' 4 Cyc. Law & Pr. 965 and cases cited; *Crocker* v. *Hutchinson and Cushman,* 1 Vt. 74.

ROWELL, C. J.   The plaintiff was the defendant's attorney in defending a petition for a highway through the defendant's land.   The plaintiff's services began February 19, 1897, and ended May 12, 1903, when his employment ceased.

The court allowed him interest only on the balance of the whole account, commencing one year after the whole account ended, instead of making annual rests, and computing interest on the annual balances.   This was error.   The ''facts found''

show nothing to take the case out of the general rule for computing interest on running accounts. We are asked to look into the testimony to find something. But the testimony is not before us for that purpose. The general rule is applied to running accounts between attorney and client. *Langdon* v. *Castleton,* 30 Vt. 285; *Davis* v. *Smith,* 48 Vt. 52.

The county court established the highway, to which the defendant excepted. But the plaintiff did not file the exceptions with the clerk within the thirty days limited by statute, but filed them about twenty days after that time. The case was argued in the Supreme Court on its merits, but the Court, of its own motion, refused to entertain it for want of jurisdiction, and dismissed the exceptions because filed out of time. The court below finds that the plaintiff's services in the Supreme Court were of no avail to the defendant because he neglected to file the exceptions in time, and therefore disallowed his charges for services in this Court. The plaintiff objects that there was no testimony tending to show that he was negligent in that behalf, but that the testimony showed that he was not to blame for it. But if he is right about that, still the case is against him on this point, for he was bound to know, and therefore must be taken to have known, that there was no case in the Supreme Court to be argued, for the statute was clear beyond doubt that exceptions should be filed within thirty days after the rising of court, and if not thus filed, that the clerk should erase the entry of exceptions made on the docket, and issue execution. V. S. 1626. And besides, it has always been the practice of this Court, and it has repeatedly held, that if exceptions are not filed within the time limited, the Court will not entertain the case, but will dismiss the exceptions; and that filing exceptions out of time by agreement of parties, cannot give the Court jurisdiction. *Mead* v. *Moretown,* 72 Vt. 323; *Small* v. *Haskins,* 29 Vt. 187.

The plaintiff, therefore, was in fault in performing any service in the case in the Supreme Court, and cannot recover therefor. *Nixon* v. *Phelps,* 29 Vt. 198, is in point. There an attorney failed to charge property in execution because he thought it unnecessary, the property having been sold by a subsequent attaching creditor, and the avails applied; and he was denied recovery for his services in a suit for the property,

which failed because he had not charged the property in execution.

*Judgment reversed, and judgment for the plaintiff for $121.77, the principal sum allowed below, augmented by the amount of interest on the yearly balances of the accounts from which the principal sum was derived.*