GEORGE TUDOR *v.* JOHN TUDOR'S ESTATE.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed June 24, 1919.

*Running Accounts on Book—Interest—Annual Rests—Implied Contract.*

In case of ordinary running account on book, when no other understanding or agreement is shown, interest is to be computed by making annual rests and allowing interest thereafter on the balance in favor of the party to whom it may be due.

Where one of two parties having mutual dealings kept a running book account of the same, and from time to time balanced the account and brought down a credit or debt balance against one or the other without including interest, there was no implied promise or understanding that interest would not be charged on annual balances.

APPEAL from the report of the commissioners on the estate of John Tudor disallowing the claim of the plaintiff. Heard on report of referee at the September Term, 1918, Bennington

County, *Stanton*, J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Chas. S. Chase* and *Wm. R. Daley* for the plaintiff.

*Holden & Healy, F. C. Archibald* and *J. K. Batchelder* for the defendant.

MILES, J. This is an appeal from the disallowance of plaintiff's claim by the commissioners on John Tudor's estate. The case was referred by the court below to a referee, upon whose report the court rendered judgment for the defendant. The case comes here upon the plaintiff's exception to that judgment. The only question presented to this Court relates to the matter of interest on the accounts between the parties. The plaintiff claimed before the referee, and he also claims here, that interest should be allowed on the balance of the accounts from Tudor's death, but not before, while the defendant insisted that it should be computed on the balance by annual rests. The referee ruled that this was a question of law and submitted it to the court without more. The court held that interest should be computed on annual balances and rendered judgment accordingly.

The plaintiff and John Tudor were brothers, and from July 20, 1889, to the time of John's death, February 23, 1909, had quite extensive business transactions, with a running account between them, in which the balance was sometimes in favor of one and sometimes in favor of the other; but at no time during the life of John was the account settled. The account was kept by John in his own books upon which both parties relied upon the trial below. During the running of the account, John, along from time to time, balanced the account, and if the balance was in his favor, he would bring it down as a debit item in the new account, and if it was in favor of the plaintiff, he would bring it down as a credit item. Such balances were struck in the course of their deal something like twenty-five times. In no instance did the balance contain any interest on the preceding account. No claim was made by either party that any of those balances were the result of a settlement, nor does the referee find that any demand of payment was ever made by either party in whose favor it was found, nor that any agreement to pay interest was ever made by either party.

It may now be regarded as settled law in this State, that in case of ordinary running accounts on book, not controlled by special contract, express or implied, and unaffected by any special circumstances, requiring the case to be made an exception to the rule, interest is to be computed by making annual rests and allowing interest thereafter on the balance in favor of the party to whom it may be due. *Langdon* v. *Caselton,* 30 Vt. 285; *Goodnow* v. *Parsons,* 36 Vt. 46; *Gordon* v. *Mead,* 81 Vt. 36, 69 Atl. 134; *Holt* v. *Howard,* 77 Vt. 49, 58 Atl. 797; *Hammond's Admr.* v. *Hammond,* 76 Vt. 437, 58 Atl. 724; *Yearteau* v. *Bacon's Est.,* 65 Vt. 516, 27 Atl. 198; *Flannery* v. *Flannery,* 58 Vt. 576, 5 Atl. 507; *Davis* v. *Smith,* 48 Vt. 52; *Willard* v. *Pinard,* 65 Vt. 160, 164, 26 Atl. 67.

It is held in *Gordon* v. *Mead, supra,* that the general rule is. that in cases of ordinary running book accounts, not controlled by special contract, express or implied, and unaffected by exceptional circumstances, interest should be computed by making annual rests and allowing simple interest on the annual balances.

In *Willard* v. *Pinard, supra,* the Court said: "On book account, when no other understanding or agreement is shown, interest is allowed only on the yearly balances."

The rule as adopted in this State is well stated in *Langdon* v. *Caselton, supra,* as follows: "It seems now to be established in this State, that in cases of ordinary running accounts on book, where there is no special agreement as to the time of payment or the payment of interest, and no particular course of dealing between the parties, from which any special contract could be implied, either party is entitled to call upon the other for settlement of accounts annually, and for payment of any balance that may be due him from the other on such settlement. On the basis of this understanding it is also settled that, if the party from whom the balance is due neglects to settle and pay such balance, it shall stand as to interest, on the ground of any other debt falling due and not paid." In other words, in the absence of any agreement express or implied, ordinary running accounts fall due annually, and like other debts, bear interest after falling due, unless otherwise provided by agreement express or implied.

In *Goodnow* v. *Parsons, supra,* this Court said: "It is settled in this State that in cases of ordinary running accounts on books, not controlled as to interest by a different contract, ex-

press or implied, the rule of computing interest is to make annual rests and to allow interest thereafter on the balance in favor of the party to whom it may be due. A person dealing with another has the right to rely upon the application of this rule on the settlement of his account, unless the circumstances of the case are such as to affect him with notice or knowledge of the usage, custom, or claim of his creditor to compute interest by making rests at shorter periods than one year; and the defendant's dealing with the plaintiff must be taken to have been had with the expectation that they would be adjusted according to the settled rule and custom, unless it is made to appear that he had information that the plaintiff would insist upon a different rule.''

The referee has found no fact from which it can be inferred that there was any agreement express or implied taking the case out of the general rule. The claim of the plaintiff that John struck the balances as he did and brought them down without including interest in them raises an implied promise that he would not charge interest on those balances, or indicates that it was the understanding of John that no interest was to be computed nor charged on his account, and that the plaintiff had a right to so understand it, is not well founded. That act is consistent with the theory that this was done to keep in touch with the general standing of the parties to the account along as their business and dealings progressed, and not for the purpose of fixing the exact sum due either party.

.*We think the computations on the basis of annual rests was correct and in accordance with the well-established rule recognized by this Court, and that there was no error in the judgment of the trial court. Judgment affirmed. Let the case be certified back to the probate court.*