SILAS HOUGHTON *v.* HENRY SLACK.

A petition for a new trial is an appeal to the discretion of the court, and, so long as the court keep within the limits of their authority, their proceedings are not subject to be revised or controlled by writ of error, certiorari or appeal.

If the recognizance, taken for the prosecution of a petition for a new trial, be defective, the petition will not, for that reason, be dismissed; but further security will be ordered.

Where the residence of a deponent is stated in the body of his deposition, and omitted in the certificate of the magistrate, before whom it is taken, such omission will not exclude the deposition.

If it distinctly appear upon the record that the party, recovering in the county court, is entitled to judgment, the court will not reverse the judgment below, for an error in the county court which did not affect the result.

THIS was an action of assumpsit, upon a promissory note, originally commenced before a justice of the peace. The justice rendered a judgment for plaintiff, upon default. The defendant then preferred his petition to the county court for a new trial, under the second section of the act of 1829, setting forth that, by a mistake of the officer who served the writ, the petitioner was informed that the court before said justice was to be holden on the 29th day of February, 1836, whereas the writ was, in fact, returnable on the 22d day of said February; that the petitioner appeared at the place of trial on said 29th February, with his witnesses, and found that he had been defaulted on said 22d day of February, and had thus been deprived of a hearing in said action. The petition

ee further alleged that he had a good and sufficient defence in said action. A recognizance was taken in said petition "to " the said Silas Houghton, in the sum of forty dollars to pros- " ecute the above application to effect, or pay all intervening " damages."

The petitionee moved the county court to dismiss the petition for the insufficiency of the petition itself and also for the insufficiency of the recognizance. But the county court overruled said motion and proceeded to a hearing on the merits of said petition. The petitionee offered to prove that execution had been issued by said justice, upon said judgment, upon which the petitioner was committed to jail, and that a jail bond, given by the petitioner, after such commitment, had been sued and the suit was then pending. The county court excluded the testimony, and, upon the testimony introduced in support of the petition, granted the prayer thereof.

Upon the trial, in the county court, of the principal action, under the general issue, the execution of the note having been admitted, the defendant offered certain depositions, which were objected to on the ground that the magistrate, before whom they were taken, did not certify the place of residence of the deponent, but, their residence appearing in the body of the depositions, the court overruled the objection and the depositions were admitted. The defendant also relied, under the said issue, upon the defence of infancy, which was fully proved.—Verdict and judgment for the defendant and exceptions by the plaintiff to the several decisions of the county court in the principal action and in the petition for a new trial.

*G. C. Cahoon,* for plaintiff.

1. The officer's return upon the writ was conclusive, and the alleged error in the statement of the officer to the defendant, of the day of court, cannot be pleaded in abatement.

2. this was not a case of "fraud, accident or mistake." Jeremy's Eq. 158. *French* v. *Shotwell,* 6 Johns. C. R. 235. 2 Taylor, 177. Am. Ch. Dig. 270 to 274.

3. The recognizance was insufficient, in not providing for the *costs* of the petitionee. 2 Stat. 18.

*T. Bartlett,* for defendant

The recognizance taken in the petition was sufficient.

CALEDONIA, *March,* 1838.

Houghton *v.* Slack.

The judge, taking it, was under no obligation to certify more than was certified.

2. The petition was addressed to the *discretion* of the county court and their proceedings,in the exercise of such discretion cannot be here revised. 1 Swift's Dig. 771. 1 Peters' Con. U. S. R. 259, 260. *Henderson* v. *Moore*, 5 Cranch's R. 11. *Haynes et ux.* v. *Morgan*, 3 Mass. R. 208.

3. The depositions were properly admitted, and, if not, still the defence without them was perfect, and a new trial cannot avail the plaintiff, if granted. *Ross* v. *Bank of Burlington*, 1 Aikens' R. 43. *Beebe* v. *Steel*, 2 Vt. R. 314. *Bullock* v. *Beach & Clayes*, 3 do. 73.

The opinion of the Court was delivered by

PHELPS, J.—In this case it appears that judgment passed for the plaintiff upon default, in the justice's court, upon which the defendant brought his petition for a new. trial, under the act of 1829,—that the county court granted a new trial upon the petition, proceeded to try the original cause, and rendered final judgment for the defendant. The plaintiff brings the case here by exception, and insists, 1st;—that there is error in the proceedings of the county court upon the petition, and 2dly, error in the decision in the principal suit.

Several points are made in relation to the proceeding on the petition for a new trial, most of which, if not all, are liable to the objection, that no proceedings of any court, in the exercise of a power purely discretionary, can be revised upon error.

The proceeding in this court, upon the exception to the decision of the county court, is directly analagous to the proceeding upon writ of error ; the only difference in the form of proceeding being that our statute dispenses with a formal writ of error, and allows the cause to be brought here upon motion merely, the bill of exceptions being duly certified in the court below. It is also true, that questions may be brought up by exception, in cases where at common law a writ of error would not lie, but where *certiorari* is the proper writ. But, although a formal writ of error or *certiorari*, as the case may be, is dispensed with, yet the grounds of adjudication in this court are the same as if those writs

were resorted to. In cases where the proceedings are according to the course of the common law, a judgment will be reversed here upon those grounds, and those only, which constitute error at common law. A very common mistake has been entertained by many of the profession, in supposing that a case, brought up by exception, comes before us as upon a motion for a new trial, and is subject to the discretionary action of the court. But we possess no such discretionary power. If error has intervened, the judgment is reversed of course, and the merits and justice of the case are left to future adjudication. If enough appears of record to enable the court to render a final judgment, they will do so, but if the case requires the further action of a jury, it is remanded for a new trial.

A petition for a new trial is an appeal to the discretion of the court, and, in the exercise of that discretion, they are supreme, so long as they keep within the limits of their authority. Their proceedings, when of this character, are not subject to be revised or controlled by writ of error, *certiorari*, or appeal. If, indeed, they transcend those limits, and, attempt to exercise a discretionary power, which they do not possess, their decision may be set aside, for that reason. If, therefore, they grant a new trial, their decision upon the merits is not subject to a revision, yet, if they grant a new trial, in a case where they had no legal authority to do so, it is error. This view of the subject, disposes of the argument as to the merits of this petition.

An objection, however, is made to the recognizance taken by the judge in this instance, upon the occasion of allowing the petition, and it seems to be assumed by the counsel, that if the recognizance be defective, the defect is necessarily fatal to the petition. The only point of view, in which this can be made out, is upon the supposition, that, by force of the statute, under which the petition is brought, the giving the security, by way of recognizance, is a necessary preliminary, a sort of condition precedent to the power of the court to act upon the petition. We do not regard it in that light.

In case of an original writ, the statute not only requires that security for costs shall be given, by way of recognizance, but goes further, and prescribes the effect of an omission to comply with the requisition, to wit, that the writ shall

CALEDONIA,
*March,*
1838.

Houghton
*v.*
Slack.

abate. The act under which this petition is brought requires security, but does not provide what shall be the effect of a non-compliance. The last act is, therefore, directory merely, and the effect and consequences of an omission to give the required security are left to be judged of, with reference to the nature of the requirement, and the subject matter of the act. There is nothing in either which renders it imperative on the court to dismiss the petition. If the recognizance is altogether omitted, they probably would dismiss it, but if it be defective, and does not give the full security designed, they would probably retain it and order further security. Inasmuch as it always is in the power of the court to require further security, there is nothing in the nature of the requirement to render it necessary to dismiss the proceeding on that account. Another and very satisfactory reason why this subject should be left to the discretion of the court, in which the petition may be pending, is that the whole proceeding is within that discretion, and they may grant a new trial upon such terms and conditions, as may to them appear equitable, or refuse it altogether.

The mode of taking advantage of the omission of the recognizance, in original writs, is by plea in abatement. But, strictly speaking, there can be no plea in abatement, in a case like this. The remedy here is by motion to dismiss, and this was the mode adopted in this instance. Now, a motion to dismiss a petition addressed to the discretionary power of the court is, in itself, an appeal to that discretion. Indeed it is impossible to discriminate between this question and any other which may arise upon the application. The whole subject rests in discretion, and the proceeding is, in no particular, the subject of error.

It would be a subject of regret, if the law were otherwise. If, after a new trial granted in such case, and a new trial had, the whole proceeding could be overturned in error, and upon a point like this, not involving the merits of the case, and the party thrown back to petition for a new trial *de novo*, it would be productive of extreme vexation to suitors, and render what was intended as a mode of summary relief a source of endless delay and embarrassment.

If it were necessary for us to express an opinion as to the sufficiency of this recognizance, we should hold it sufficient.

CALEDONIA,
*March,*
1838.

The petition contains a minute only of the recognizance, and we may well presume that the Judge's record of the recognizance will supply the defect.

As to the exception, taken upon the trial of the principal suit, we are of opinion that it is not well founded. The place of residence of the deponents is given in the body of the deposition, and it is to be presumed that the persons, named in the certificate, are the same described above.

Were there error in this particular, still, the judgment could not be reversed. If it appear distinctly upon the record that the defendant in error is entitled to judgment, it would be idle to reverse the judgment, for an error in the proceeding below, because, if reversed, the same judgment, must, undoubtedly, be rendered again.

This case illustrates the rule on that subject. It appears that the defendant set up two defences. To sustain one he offered the evidence objected to, and to the other he pleaded infancy, which was fully sustained by other evidence. Admitting that the depositions were improperly admitted, still the verdict on the plea of infancy is decisive, and entitles him to judgment. The error then, if there were error, becomes immaterial, and if judgment were reversed, it would be the duty of this court to render judgment for the defendant, upon that plea, without reference to the other defence.

The judgment must, therefore, be affirmed.