Needham et al. *v.* Heath.

LEVI NEEDHAM AND ALLEN DENNIS *v.* JAMES HEATH.

If one obligor be sued alone upon a joint bond, and it appear from the declaration that the other obligor is still living, the declaration is bad upon demurrer; but if it do not appear from the declaration that the other obligor is still living, the non-joinder can only be taken advantage of by plea in abatement. BENNETT, J.

But in actions upon *recognizances, judgments,* and other *matters of record,* if it appear from the declaration that there is another joint debtor, who is not sued, the non-joinder may be taken advantage of by demurrer, although it is not shown that the other debtor is still living.

Needham et al. *v.* Heath.

In debt upon a recognizance for the prosecution of an appeal from the judgment of a justice of the peace, it must appear from the declaration, that the recognizance was entered into before the justice who rendered the judgment appealed 'from, or the declaration will be bad upon demurrer.

DEBT upon a recognizance. The plaintiffs alleged that they recovered a judgment, in their favor, against one Hiel Heath, on the 12th day of February, 1842, by the consideration of Norman Tupper, Esq., a justice of the peace, for $42,20 damages and $1,25 costs of suit, from which judgment the said Hiel Heath appealed; and the entering of the recognizance for the appeal was alleged in these words;—"and the said Hiel Heath, as principal, and the said ' James Heath, defendant, as surety, acknowledged themselves ' bound to the plaintiffs in a recognizance of the sum of fifty dollars, ' conditioned that the said Hiel Heath should prosecute his said ap- ' peal, so prayed out," &c. It was not alleged whether, or not, Hiel Heath was still living. The defendant demurred generally to the plaintiffs' declaration, but no question was decided upon any portion of it, except as above set forth.

The county court adjudged the declaration insufficient, and rendered judgment for the defendant; to which decision the plaintiffs excepted.

*Linsley* and *Wicker* for plaintiffs.

1. The objection, that another should have been joined as a party defendant, should have been taken by plea in abatement. For, supposing the recognizance to be joint, one may be dead, or discharged, or bankrupt. 1 Chit. Pl. 29, 37. *Hollinsworth* v. *Ascue*, Cro. Eliz. 355, 495. *Cabell* v. *Vaughan*, 1 Saund. 291.

2. A recognizance of bail is, in law, joint and several. Ham. on Part. 57. *Williams* v. *Green*, 8 Mod. 296. 2 Com. Dig., Tit. Bail, R. 2, note.

3. If this is not so, yet a joint and several recognizance might be taken, and, if so expressed, would be good; it shall, on demurrer, be taken that the recognizance was in this form.

*E. D. Barber* for defendant.

As a general rule, in actions on contract, if it appear on the face of the declaration, or other pleadings of the plaintiff, that another

joint contractor is not made defendant, and that such person is still living, (as he will be presumed to be, unless the contrary is alleged,) the non-joinder as defendant is a good ground of demurrer. Gould's Pl. 279. 10 Pet. 298. But however this may be in relation to joint obligors, &c., in cases of recognizances, judgments, and other matters of record, the rule is well established, that the non-joinder of a joint debtor, when it appears on the face of a declaration, may be taken advantage of by demurrer, or arrest of judgment. *Gilman* v. *Rives*, 10 Pet. 298. 1 Wms. Saund. 291 *b c*, n. (4.) *Harmon et al.* v. *Roberts*, 1 Greenl. 441. *Barney* v. *Fales*, 1 Pet. 311. *Ziele* v. *Campbell's Ex'rs*, 2 Johns. Cas. 382. *Seymour* v. *Minturn*, 17 Johns. 169. *Ex'rs of Livingston* v. *Pierpoint et al.*, 11 Johns. 101. 5 Johns. 176.

The opinion of the court was delivered by

BENNETT, J.   This case comes before us upon a demurrer to the plaintiffs' declaration.   The law is well settled, that, if one obligor be sued alone upon a joint bond, and it appear from the declaration that the other obligor is still living, the declaration is ill upon demurrer.   It would seem, however, that, in such case, unless it appears from the declaration, or the subsequent pleadings of the plaintiff, that the other obligor is still living, the objection cannot be reached by a demurrer, a motion in arrest, or a writ of error. It is proper matter to be pleaded in abatement.   See *Whelpdale's Case*, 5 Coke's Rep. 119 ; *Cabell* v. *Vaughan*, 1 Saund. 291, and the able note of Serjeant Williams, No. 4.

But the doctrine, which has been applied to joint obligations, does not seem fully to have been extended to cases of joint recognizances, judgments, and other matters of record.   In these cases it has been held, that, if it appear from the declaration, or other pleadings of the plaintiff, that there is another joint debtor, who is not sued, the objection may be taken advantage of by a demurrer, or upon a motion in arrest of judgment, although it is not averred that he is still living.   This distinction has been fully acted upon in the English Courts, and has been adopted by the Supreme Court of the United States ;—and, if established by authority, it is not for us to say that there is no good sense in the distinction, which requires

the party, when he declares upon a matter of record, to show some good reason, why he does not join others, who, from the declaration, are jointly liable. He must set forth the cause of the variance from the record. See *Blackwell* v. *Ashton*, Aleyn 21; *Rex* v. *Young*, 2 Anstr. Rep. 448; 3 Anstr. Rep. 811; *Gilman* v. *Rives*, 10 Peter's Rep. 298.

There seems, also, to be another fatal objection to this declaration, in setting forth the recognizance. The allegation in the declaration is, that Hiel Heath, as principal, and James Heath, as surety, acknowledged themselves bound to the plaintiff in a recognizance of fifty dollars, conditioned, &c. There is no averment before whom the recognizance was entered into. *Non constat*, but that it might have been entered into before some other magistrate, and not before the one who tried the cause; and in that event it would not be of binding force.

The result is, the declaration must be held insufficient, and the judgment of the county court is affirmed.