Mr. Chief Justice Johnson delivered the opinion of the Court. The record in this case presents but two points for our adjudication. The first relates to the correctness of the decision of the Circuit Court in admitting the parol evidence to show the identity of the claimant; and the second, to that of receiving the affidavit when it appeared to have been administered by the clerk of the Izard Circuit Court. It is contended, on the part of the administratrix, that, in the absence of any express averment, the Court had no right to receive parol evidence going to show that the instruments produced as evidence of the indebtedness, though ostensibly assigned over to Lorenzo D. Laffey, were in reality assigned to Lorenzo D. Lafferty. It is conceded that such proof would have been admissible under an express averment to that effect. It is declared, by the 103d Sec., Ch. 4, Digest, that “The Court of Probate shall hear and determine all demands presented for allowance under this act, in a summary manner, without the forms of pleading; and in taking testimony shall be governed by the rules of law in such cases made and provided.” It was expressly ruled by this Court, in the case of Pennington's adx. vs. Gibson, use, &c., (1 Eng. R. 449,) that the statute referred to expressly dispenses with the necessity of formal pleading; but that if a party elects to make his defence in writing, he will be held to all the strictness of special pleading. We consider it clear that, under the law, the claimant was not bound to file any written declaration or description of his demand, and, as a necessary consequence, he was not required to make the averment contended for by the representative of the deceased. The doctrine involved in this question was elaborately examined by this Court in the case of Nicholay et al. vs. Kay, (1 Eng. 59,) and it is clear from that case that, in a suit brought by a written declaration, it would be perfectly legitimate to describe the assignments as having been made to L. D. Lafferty by name and description of L. D. Laffey; and, as a necessary consequence, parol evidence would be admissible to establish the truth of the allegation. This being settled as applicable to a written declaration, where there is an express averment, it would seem to follow, from the very necessity of the thing, that such evidence could be received in all cases where there is no declaration, and where the law expressly dispenses with the forms of pleading. The pleading in the Probate Court being ore tenus, every averment, which would be essential in a declaration in the Circuit Court, is presumed by the law to have been made, and consequently the same grade and kind of testimony would be admissible in both Courts. It is also contended that the assignment endorsed upon one of the’ instruments is not in the names of those who were shown by the testimony to have made it. The assignment was made by H. R. & W. S. H., when it appeared from the proof that it was made in reality by Henry R. & William S. Hynson. We have not been -able to, perceive any good and substantial reason why the law should not be the same whether applied to the identity of the maker or the payee of an obligation. We think that, had this suit been brought by a declaration, the mistake in this respect also could have been set up, and that the truth of the allegation would have been equally susceptible of proof by parol. The remaining question relates to the authority of the clerk of the Izard Circuit Court to administer the oath to the claimant, so as to authorize him to claim the benefit of an allowance in the Probate Court-of Independence. It is not disputed that the clerk had the power under the law of the 7th December, 1837, (which was put into operation by the proclamation of the Governor on the 20th March, 1839,) to take affidavits; but it is contended that the act of March 3d, 1838, by specifying judges, justices of the peace, and notaries public, controls that of 1837, and so operates as to exclude the clerks of the Circuit Courts. The authorities relied upon by the counsel for the appellant, have been consulted, but have utterly failed to throw any light upon the subject. The case referred to in 2 Hill, after diligent search, has not been found; but the reason assigned by the counsel as having1 been given by the Court in that case may be admitted in its fullest force, and yet it cannot have the least effect upon the question involved here, as it will not apply to the facts of this case. The reason given is that the act specially naming certain officers and conferring upon them authority to administer the oath, introduced a proceeding not before known to the law. It is not necessary that we should intimate any opinion in respect to that position, as it is not properly presented by the record in this case. The 9th Sec., Ch. 113, English’s Digest, approved on the 7th December, 1S37, and put in force by the proclamation of the Governor, declares that “Every court and judge, justice, and clerk thereof, and all justices of the peace, shall respectively have power to administer oaths and affirmations to witnesses and others concerning any thing or proceeding depending before them respectively, and to take affidavits within their circuits and counties.” And the act of March 3,1838, after providing that no person should be allowed to present his claim against the estate of a deceased person without first making an affidavit that nothing had been paid or delivered towards the satisfaction of such debt, except what was mentioned or credited, and that the sum demanded' was justly due, further enacted as follows: “ Any .judge, justice of the peace, or notary public, of this State, shall have power to take the affidavit required by this act, to authenticate any claim against a deceased person.” Both of the acts referred to are contained in the Revised Statutes, which were adopted by the Legislature at their October session in 1837, and were consequently put into operation by the proclamation of the Governor on the 20th March, 1839. The Legislature, at the same session of the passage of the two acts.in question, also enacted that, “For the purpose of construction, the Revised Statutes passed at the present session oí the General Assembly shall be deemed to have been passed on the same day, notwith■standing they may have been passed at different times'; but if any provisions of different statutes are repugnant to each other, that which shall have been last passed shall prevail; and so much of any prior provisions as may be inconsistent with such last provisions, shall be deemed repealed thereby.” Under this rule of construction, it is clear that the one of the acts referred to cannot operate as a repeal of the other, either in whole or in part, as there is not the slightest discrepancy between them, and they can, therefore, well stand together. There is no error, therefore, in this respect. The judgment of the Circuit Court of Independence county is, consequently, in all things, affirmed.