## COOPER ET AL. VS. THE STATE.

Where a party arrested for a criminal offence, has been committed to jail in default of bail by the magistrate, and the amount of bail required endorsed upon the order of commitment, the sheriff has no power under the statute, to take the recognizance of bail.

A recognizance or bail bond taken without authority, is void.

The discontinuance of the suit as to one of the defendants in a proceeding by scire facias on a recognizance of bail, is not a discontinuance of the suit as to the other defendants.

*Error to Chicot Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

STILLWELL & WOODRUFF, for plaintiff in error.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Augustus Catchings was arrested and taken before two justices of the peace of Chicot county, on a charge of shooting

*John Nash* with a pistol, and required to give bail for his appearance at court, in the sum of $1,000, and failing to furnish bail, was committed to jail. The warrant of commitment was dated 21th June, 1859, and upon it the magistrate indorsed that bail was required in the sum above stated.

On the 14th of the same month, the sheriff of the county took a bail bond for the appearance of Catchings at the ensuing term of the circuit court, in the penal sum of $1,000, with James H. Cooper and Joseph L. Turner, as securities.

At the appearance term, the bail bond was forfeited, and a *scire facias* issued, which was served on Cooper and Turner, and returned not found as to Catchings.

At the return term Turner made default. Cooper responded to the *scire facias*, setting up several objections to the regularity of the bail bond, which were overruled by the court; a discontinuance was entered as to Catchings, and final judgment against Cooper and Turner, for the penalty of the bond, and they brought error.

The objections taken to the bail bond in the response of Cooper below, have been greatly multiplied in the assignment of errors, but there is but one of them that seems to us to be fatal to the bond.

Without the assistance of any brief on the part of the State, we have made diligent search, and can find no statute which authorized the sheriff to take the bail bond in this case.

On the failure of Catchings to give bail before the examining court, the justices, in accordance with the statute, committed him to jail, and indorsed on the warrant of commitment the sum in which bail was required. *Gould's Dig. chap.* 52, *secs.* 48, 50.

*Section* 57, of the same chapter, provides that " whenever any person shall be committed to jail on a warrant of commitment issued by any magistrate, for a bailable offence, a recognizance, with proper security, may be taken by any court or magistrate authorized by law to issue a writ of habeas corpus."

The sheriff has no authority to issue the writ of habeas corpus. *Ib. ch.* 82, *sec.* 2.

Where a sheriff arrests a person charged with crime, on a capias, after indictment, in a bailable case, he is authorized to take a bail bond for the appearance of the prisoner. *Ib. ch.* 52, *sec.* 119; *ch.* 160, *sec.* 14; *Kitrell Ex parte,* 20 *Ark.* 507; 5 *Ark.* 268.

But where the accused is committed to jail, by an examining magistrate for want of bail, as in this case, it seems that he must be admitted to bail upon *habeas corpus.*

Where a recognizance or bail bond is taken without authority, it is void. *Commonwealth vs. Laveridge,* 11 *Mass.* 337.

The discontinuance of the suit as to Catchings, who was not served with process, was not a discontinuance of the action as to the other defendants, who were served, as insisted by the counsel for the plaintiffs in error.

The proceeding by *scire facias,* on a forfeited recognizance or bail bond, is a new suit; the writ, under the statute, answering the purpose of both declaration and summons. *Darby et al. vs. State,* 21 *Ark.* 525.

It is unlike a scire facias to revive a judgment, where there can be no severance or discontinuance as to the living party, without a discontinuance as to all. *Grey et al. vs. The State Bank,* 5 *Eug.* 455; *Finn as ad. vs. Crabtree as ad.,* 7 *Ib.* 597.

In *Warren vs. The State,* 19 *Ark.* 215, which was a *scire facias* on a forfeited recognizance of bail, it was, in effect, decided that a discontinuance might be made as to a party not served, without a discontinuance of the whole action.

The judgment must be reversed and the cause remanded for further proceedings.