### J. P. COLLINS *v.* H. O. EDSON AND OTHERS.

*Recognizance.    Presumption.*

A minute of a recognizance on a petition praying that a judgment rendered by default through mistake be set aside and for new trial, " conditioned as provided by law," is not defective; but if so, the petition should be retained, and new security ordered.

PETITION alleging that at the March Term, 1882, of Rutland County Court, a judgment was rendered by default against the petitioner in favor of the petitionees through fraud, accident or mistake, and that the petitioner was deprived of a hearing ; and praying that the judgment be set aside and for a new trial. Heard, September Term, 1882, VEAZEY, J., presiding.   The recognizance minuted on the petition was as follows : " John Brislin recognized to the petitionees in the sum of seventy dollars, . conditioned as provided by law."

The defendants filed a motion to dismiss the petition on the ground that the recognizance was not such as was required by the statute.   The court overruled the motion.

*Redington & Butler*, for the petitionees, cited R. L., s. 1431 ; 9 Vt. 343 ; 15 Vt. 500 ; 17 Vt. 118, 562 ; *Perry* v. *Ward*, 20 Vt. 92.

*W. C. Dunton* and *Edward Dana*, for the petitioner, cited *McGregor* v *Balch*, 17 Vt. 562; *Way* v. *Swift*, 12 Vt. 390; 23 Vt. 90; 10 Vt. 520.

The opinion of the court was delivered by

TAFT, J. The defendants moved to dismiss the petition on the ground that the minute of the recognizance was defective in stating that it was " conditioned as provided by. law." The presumption is that the recognizance was properly taken, and that the record when made will state its terms in full. We think the statute was fully complied with. See *Ross* v. *Shurtleff et al.* 55 Vt. If defective, the petition should not have been dismissed, but retained and new security ordered. *Houghton* v. *Slack*, 10 Vt. 520.

Judgment affirmed.