PIKE BROTHERS v. N. McMULLIN.

JANUARY TERM, 1894.

*Capias. Debtor about to abscond. When affidavit should be filed. Defect not waived by failure to object.*

1. In order to justify the issuing of a writ as a *capias* in an action founded on contract under R. L., s. 1487, the affidavit must be filed at the time the writ issues. One filed sixty days before is not sufficient.

2. In such case the justice has no jurisdiction to issue the *capias* and the writ is void; nor does the defendant lose his right to object by failing to do so at the first opportunity.

Assumpsit upon a promissory note, coming into the county court by appeal from the judgment of a justice. Heard at the September term, 1893, Orleans county, TAFT, J., presiding. The defendant moved to dismiss, which motion was overruled and the defendant excepted.

It appeared from the record of the justice that the case was twice continued, once by agreement of parties and once by the court, and that after those two continuances the de-

fendant moved to dismiss for that the writ improperly issued as a *capias*.

The other facts are sufficiently stated in the opinion.

*A. D. Bates* for the defendant.

The record showed when the affidavit was filed and when the writ issued and a motion to dismiss was the proper way to take advantage of the defect. *Bent* v. *Bent*, 43 Vt. 44; *Barnet* v. *Emery*, 43 Vt. 178; *Perkins* v. *Walker*, 16 Vt. 249.

The court obtained no jurisdiction of the defendant's body. *Aiken* v. *Richardson*, 15 Vt. 500; *Adams* v. *Whitcomb*, 46 Vt. 708; *Muzzey* v. *Howard*, 42 Vt. 22.

Consent cannot confer jurisdiction. *Glidden* v. *Elkins*, 2 Tyler 218; *Thayer* v. *Montgomery*, 26 Vt. 491.

*J. W. Erwin* and *Dickerman & Young* for the plaintiff.

By not objecting at the first opportunity the defendant has waived his right to object. *Dow* v. *School District*, 46 Vt. 108; *Montpelier* v. *Andrews*, 16 Vt. 605; *Bennet, White & Co.* v. *Allen*, 30 Vt. 684; *Alexander* v. *School District*, 62 Vt. 276; *Pollard* v. *Wilder*, 17 Vt. 48; *Wheelock* v. *Sears*, 19 Vt. 559; *Hill* v. *Morey*, 26 Vt. 178; *Huntley* v. *Henry et al.*, 37 Vt. 165; *Stanton* v. *Bridge Co.*, 47 Vt. 172; *Fletcher* v. *Baxter*, 2 Aik. 224; *Wood* v. *Kinsman & Lamb*, 5 Vt. 588; *Lyman* v. *Central Vt. Rd. Co.*, 59 Vt. 167; *State* v. *Ward*, 60 Vt. 142; 2 Gould's Pl., s. 37; 1 Chitty Pl., 441.

The writ might issue upon the affidavit filed. *Whitcomb* v. *Cook*, 39 Vt. 585.

START, J.   The plaintiffs' attorney on the 15th day of March, 1892, filed with the justice an affidavit, in which he made oath that he had good reason to believe and did be-

lieve that the defendant was about to abscond or remove from
this state, and had secreted about his person, or elsewhere,
money, or other property, to an amount exceeding twenty
dollars, or sufficient to satisfy the demand in the suit.   On
the 14th day of May, 1892, the justice with whom the affi-
davit was so filed, issued a writ against the body of the de-
fendant, and, on the 25th day of May, 1892, the same was
served by arresting his body.   R. L., s. 1477, as amended
by No. 47 of the Acts of 1890, in general terms prohibits
the arrest and imprisonment of a debtor in actions founded
on contract.   By R. L., s. 1478, this section is qualified so
as to authorize the issue of a writ as a *capias*, when the
plaintiff, his agent or attorney, files with the authority issuing
the writ an affidavit, stating that he has good reason to be-
lieve and does believe that the defendant is about to abscond
or remove from this state, and has secreted property to an
amount exceeding twenty dollars, or sufficient to satisfy the
demand upon which he is to be arrested.

The affidavit filed in this case was *prima facie* evidence
of the fact, that, sixty days before the writ issued, the de-
fendant was about to abscond or remove from this state, and
that he had secreted about his person, or elsewhere, money,
or other property, to an amount exceeding twenty dollars,
or sufficient to satisfy the demand in suit; but it was not evi-
dence of the fact, that, at the time of the issuing of the
writ, he was about to abscond or remove from this state, and
had money, or other property, to an amount exceeding
twenty dollars, or sufficient to satisfy the demand in suit.   It
is clear that the affidavit must show the intent and circum-
stances of the defendant at the time of the issuing of the
writ.   His intentions and circumstances in the past are im-
material.   The fact that the defendant was, at some time
prior to the issuing of the writ, about to abscond or remove
from the state, and had money, or other property, to an
amount exceeding twenty dollars, or sufficient to satisfy the

demand in suit, did not authorize the issuing of the writ as a *capias*. His intention to remove or abscond from the state may have been abandoned, and his money expended long before the issuing of the writ. To subject a debtor to arrest in an action founded on contract, it must appear from the affidavit that he is about to abscond or remove, and has property to an amount exceeding twenty dollars, or sufficient to satisfy the demand in suit, at the time the writ issued. These facts cannot be made to appear from an affidavit made and filed sixty days before the issuing of the writ. It will not be presumed, from the fact that the defendant was about to abscond or remove from the state sixty days before the issuing of the writ, that he was about to do so at the time the writ issued; it will not be presumed, from the fact that he then had twenty dollars in money, or other property, that he had it at the time the writ issued. The justice issuing the writ in this case was informed in respect to the intention and circumstances of the defendant sixty days before the writ issued, but he was not informed, in the manner provided by the statute, of his intention and circumstances at the time he issued the writ; and the writ issued as a *capias* without authority.

The plaintiff claims that the defendant waived the objection now urged by not objecting at the first opportunity. An objection that the court has no jurisdiction may be made at any time; it is not dilatory matter, which is waived if not objected to at the first opportunity. *French* v. *Holt*, 57 Vt. 187. The justice did not have jurisdiction to issue the writ as a *capias*, without an affidavit first filed, and jurisdiction of the process was essential to the jurisdiction of the parties and the subject matter. It has been held, that, when a writ issues as a *capias* in actions founded on contract, without an affidavit first filed, or if an insufficient affidavit is filed, the writ, so far as it purports to authorize the arrest of the body

of the defendant, is void. *Aiken* v. *Richardson*, 15 Vt. 500; *Muzzy* v. *Howard*, 42 Vt. 23.

*Judgment reversed, motion to dismiss sustained, and cause dismissed with costs.*