## HARVEY BADGER *vs*. STATE.

October Term, 1896

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*New Trial.*

A petition for a new trial will not be granted for absence of witnesses, when the petitioner, knowing the facts, made no request for a continuance.

In the case at bar, it is considered highly improbable that the new evidence would produce a different result.

PETITION for a new trial. The petitioner was convicted of

a breach of the peace at the September Term, 1895, Washington County. The grounds of the petition and the tendency of the new evidence are stated in the opinion.

*J. P. Lamson* for the petitioner.

*Zed S. Stanton*, State's Attorney, for the State.

TYLER, J. The petition is brought upon two grounds, first, the absence from the trial of two witnesses, whose testimony, it is alleged, would have been material to the petitioner; second, newly discovered evidence.

Assuming it to be true that Annie Oderkirk and George A. Barnett were not within the reach of a subpœna nor within the control of the petitioner at the time of the trial, it was then his obvious duty to have moved for a continuance of the case. It must be presumed that such a motion would have been granted, if supported by affidavits of the facts now alleged as to the importance of the testimony of the two witnesses and that their attendance could not be procured at that term.

The petitioner elected to go to trial with such evidence as he had and without objection, so far as the case discloses. The petition and testimony in *Geno* v. *The Fall Mountain Paper Co.*, 68 Vt. 568, heard at last May Term presented a much stronger case in this respect than does the case at bar.

But passing the question of the petitioner's *laches* in going to trial without the testimony of these witnesses, the evidence produced by the State in this proceeding, which tended to show Mrs. Oderkirk's version of the affray given directly after it occurred, as well as later on, in which she confirmed her husband's testimony, and the State's evidence tending to contradict the other new witness Barnett, considered in connection with the petitioner's rebutting testimony, render it extremely improbable that a different result would be arrived at in another trial.

The second ground of the petition is that the State's principal witness, George Oderkirk, freely admitted, both

before and after the trial, that the petitioner did not assault him with an axe; that Oderkirk had admitted that he swore falsely at the trial for the purpose of procuring the petitioner's conviction, and that he had declared that he would considerately absent himself from another trial if one were had.

It is quite improbable that the witness should have told his neighbors and acquaintances, previous to the trial, that the petitioner did not strike him with an axe, and having testified that he did so strike him, on his way home after the trial confessed to the affiant Little, and afterwards to the petitioner, that he had committed perjury. The affidavits tending to show Oderkirk's admissions, when considered in connection with his denial of them, are entitled to but little weight.

The case seems to have been tried mainly upon the issue whether the assault was with an axe or not. No surprise seems to have been manifested by the respondent's counsel at Oderkirk's testimony, and none of the affiants with whom he is said to have conversed about the affray, during the summer before, seem to have been ready to contradict him.

We do not think that this evidence, either alone or in connection with the proposed testimony of Mrs. Oderkirk and Barnett, in the light of the contradictions and improbabilities, would be likely to produce a different result at another trial of the case.

*The petition is dismissed.*