W. T. RAWLEIGH COMPANY *v.* W. A. PIERCE, J. L. HAZEN AND J. D. HUNTLEY.

May Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 2, 1917.

*New Trial—Newly Discovered Evidence—Reasonable Diligence —Surprise.*

In a petition for new trial based upon newly discovered evidence, the petitioner must make it appear that the evidence relied upon is, in fact, newly discovered, and that he could not with reasonable diligence have discovered and produced it at the trial.

Where defendants in an action brought upon an instrument of indemnity, purporting to be signed by them, pleaded the general issue with notice that they should deny their signatures, evidence introduced by them in support of the notice affords no basis for granting a new trial to plaintiff on the ground of surprise, no continuance or delay having been asked for by him.

A new trial on the ground of newly discovered evidence will not be granted where the facts alleged to be newly discovered were ascertained by the officers and agents of the petitioner corporation prior to the trial, while acting for it within the scope of their authority, and were pertinent to the matter then in hand, and so, by imputation, were known to the petitioner itself.

Where a plaintiff corporation has not secured the attendance at the trial of its officers and agents who are able to give evidence upon the issues raised by the defendants, and who had to do with the transaction involved in the suit, it cannot, in a petition for a new trial, claim that it has used due diligence in obtaining evidence.

PETITION for a new trial, on the ground of newly discovered evidence, and surprise.   Heard at the May Term, 1917, Supreme Court, on petition, answer and depositions of witnesses.

The action was in contract and the trial below was by court at the December Term, 1915, Windsor County, *Miles,* J., presiding.   Judgment for defendants.   The plaintiff petitioned for a new trial.   The opinion states the case.

*Pingree & Pingree* for petitioner.

The evidence which occasioned the surprise having been offered at the close of the trial, a new trial may be allowed although a continuance was not asked for.     *Hemmenway* v. *Lincoln,* 82 Vt. 465; *Coolidge* v. *Taylor,* 79 Vt. 528; *Alger* v. *Merritt,* 16 Iowa 121; *Rodriguez* v. *Comstock,* 24 Cal. 85; *Felver* v. *Judd,* 81 Ill. App. 529; *Seligman* v. *Lewin,* 91 N. Y. Supp. 395; *Mut. Life Ins. Co.* v. *Perrish,* 66 Ark. 612; *Delmos* v. *Martin,* 39 Cal. 555; *Russell* v. *Reed,* 32 Minn. 45.

*F. G. Bicknell* and *Raymond Trainor* for petitionees.

If plaintiff was surprised, it should have applied for a continuance.   Having chosen to proceed with the trial, it is bound by its election.   *Hemmenway* v. *Lincoln,* 82 Vt. 465; *Taylor* v. *St. Clair,* 79 Vt. 536; *State* v. *White,* 70 Vt. 225; *Briggs* v. *Gleason et al.,* 27 Vt. 114; *State* v. *Sargood,* 80 Vt. 412.

Failure to attend the trial, solely by reason of inconvenience to itself, will not entitle the petitioner to a new trial.   *Noyes* v. *Spaulding,* 29 Vt. 420; *Shephard et al.* v. *Hayes,* 16 Vt. 486; *Burr* v. *Palmer,* 23 Vt. 244.

The affidavits filed do not show due diligence on the part of the petitioner and the petition should be denied.   *Picknell* v. *Fulton,* 89 Vt. 51; *Bradish* v. *State,* 35 Vt. 452; *Taft* v. *Taft,* 82 Vt. 64; *Reynolds* v. *Hassam,* 80 Vt. 501.

POWERS, J.   The new trial here sought cannot be granted. It appears that the plaintiff, a non-resident corporation, brought a county court suit against the defendants therein seeking to recover on an instrument of indemnity purporting to be signed by them as guarantors of one Thompson.   To that suit the defendants pleaded the general issue and gave notice under the rule that they should deny their signatures to the instrument

sued on.  A trial was had by the court and judgment was for the defendants.  At that trial the one important question was, did the defendants sign the contract in question?  They admitted that they signed a paper at Thompson's request, but denied that it was the guaranty in suit or anything like it—insisting that it was a mere endorsement of Thompson's honesty, and that it had the word "Recommendation" printed across its top.

Properly construed the application here made is based upon newly discovered evidence.  So far, then, as we need state the rule, the plaintiff must make it appear that the evidence relied upon is, in fact, newly discovered; and that it could not, with reasonable diligence, have discovered and produced it at the trial.

The plaintiff fails on both grounds.  It deliberately chose to go to trial without being present by its officers and agents and without putting its counsel in possession of all the material facts within its knowledge.  But it is said that its counsel was taken by surprise; that the claim that there was another paper was wholly unexpected, and that evidence can now be produced to refute this claim.

But the claim appeared in the early stages of the trial, during the examination of the very first witness, when it was unequivocally stated by defendant's counsel that the defence was that "it was another paper was  signed there."  The defendants had done all that they were required to do to appraise the plaintiff of their defence, by the notice above referred to.  It was not necessary for them to go into details or recite the evidence on which they were to rely.  The evidence in question may have been unexpected, but it affords no basis for granting a new trial on the ground of surprise.

Nor does it affect the question of diligence.  Had the secretary of the plaintiff been present at the trial, this unexpected development could not have injuriously affected the plaintiff.  No continuance or delay was asked for by the plaintiff, and the fact that counsel did not know of the evidence which the secretary could give does not affect the situation, since it was the plaintiff's fault that counsel were left thus uninformed.  So far as surprise is involved, the case is within the spirit of *Hemmenway* v. *Lincoln,* 82 Vt. 465, 73 Atl. 1073.

Nor can it be said that the evidence relied upon is, in a proper sense, newly discovered.  The plaintiff's secretary says

that no blank of the kind described by the defendants was in use by it or furnished to Thompson. The plaintiff's auditor and collector says that he called upon the defendants before the original suit was brought, showed them the guaranty, talked with them about their liability, and that they did not then deny their signatures. These facts, being ascertained by the officers and agents of the plaintiff while acting for it within the scope of their authority and being pertinent to the matters then in hand, became, by imputation, known to the plaintiff itself. 10 Cyc. 1054. See *Bank* v. *Brigg's Assignees,* 70 Vt. 594, 41 Atl. 586; *Roberts* v. *Hughes Co.,* 86 Vt. 76, 83 Atl. 807. It is the importance of this evidence and not the evidence itself that is newly discovered.

The situation in which the plaintiff finds itself is wholly due to its voluntary action in choosing to risk a trial without being present by such of its officers and agents as had to do with the transaction involved.

*Stay vacated, and petition dismissed with costs.*