CAPITAL GARAGE COMPANY *v.* MAX L. POWELL ET AL.

November Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 12, 1924.

*Petition for New Trial—Newly Discovered Evidence—Effect of Proceeding to Trial in Absence of Material Witness, Without Motion for Continuance to Secure His Attendance.*

1.   A petition for a new trial on the ground of newly discovered evidence must be denied, if the evidence is not shown to be newly discovered within the meaning of the law.

2.   On petition for a new trial on the ground of newly discovered evidence, where it appears that before and at the time of the trial petitioners had knowledge that the witness, whose evidence is claimed to be newly discovered, would, if called as a witness testify substantially as appears from his deposition in support of such petition, such evidence is not newly discovered.

3.   A petition for a new trial on the ground of inability to find a material and important witness, who resided outside the State, in time to have him present at the trial, will not be granted where petitioners failed to move for a continuance of the case to enable them to find and have the benefit of such witness, such failure being an election to go to trial on such evidence as they had.

PETITION for a new trial brought to the Supreme Court at its November Term, 1923, and heard on pleadings and affidavits in support thereof. The opinion states the case. *Petition dismissed.*

*Max L. Powell* and *John W. Gordon* for the petitioners (defendants).

*H. C. Shurtleff* for the petitionee (plaintiff).

If petitioner knew of a material witness at the time of trial, and failed to move for a continuance, such failure constitutes an election to go to trial on the evidence that he has. *Briggs* v. *Gleason,* 27 Vt. 114; *Quinn* v. *Halbert,* 52 Vt. 353; *Badger* v. *State,* 69 Vt. 217; *State* v. *White,* 70 Vt. 225; *Taylor* v. *St. Clair,* 79 Vt. 491; *Hemenway* v. *Lincoln,* 82 Vt. 465.

A new trial will not be granted for newly discovered evidence unless it will, in all probability lead to a different verdict and judgment, and such evidence must be strong, decisive and preponderating, and more than merely cumulative. *Perkins* v. *Dana,* 19 Vt. 589; *Burr* v. *Palmer,* 23 Vt. 244; *Lindsay* v. *Danville,* 45 Vt. 72; *Knapp* v. *Fisher,* 49 Vt. 94; *Earle* v. *Griffith,* 52 Vt. 415; *Westmore* v. *Sheffield,* 56 Vt. 239; *Reynolds* v. *Hassam,* 56 Vt. 449; *Lewis* v. *Roby,* 79 Vt. 491; *Lawson* v. *Crane et al.,* 83 Vt. 115; *Usher* v. *Allen,* 89 Vt. 545.

WATSON, C. J.   The petition for a new trial is based on two grounds: First, newly discovered evidence, shown by the deposition of Frank P. Fleming who now resides at Arlington in the State of Massachusetts; second, the petitioners' inability to find Fleming in season to have him present as a witness at the trial of the case.

[1]   The deponent's testimony is very material and important, since it strongly tends to support the defendants' claim at the trial, that defendant Powell was in possession of the demanded premises under and by virtue of a verbal lease to him personally from Thomas J. Heaphy, the owner of the realty. Concerning this evidence, the petitionee asserts, among other things, that it is not newly discovered, and so cannot constitute an effective basis for a new trial. This assertion strikes at the

vitals of the proceedings; for if the evidence is not shown to be newly discovered within the meaning of the law, the first ground of the petition must be denied. *Madden* v. *Spaulding,* 94 Vt. 290, 110 Atl. 220; *Hemenway* v. *Lincoln,* 82 Vt. 465, 73 Atl. 1073.

[2]   Deponent says that he was in the employment of Powell from November, 1920, until March, 1921, as manager of the Capital Garage at Montpelier; that Powell informed him that he had obtained control of that garage and wished to arrange with Heaphy that he might become the latter's tenant therein, and told deponent to see Heaphy and make all satisfactory arrangements; that accordingly deponent had negotiations with Heaphy in behalf of Powell for a lease of the building where the garage was; that the negotiations so had resulted in Heaphy's naming the terms under which he would make a verbal lease of the premises to Powell personally, and deponent's acceptance thereof subject to Powell's verification; that deponent notified Powell of the negotiations, and the latter came to Montpelier and closed the deal with Heaphy as before agreed upon by deponent; that the agreement included the rent to be paid per month for the use of the premises including a nearby barn for storage, and the payment of a sum equal to the rent due from and unpaid by the previous tenant, the Burnell-Faulkner Company whose lease, Heaphy stated to deponent, had been abandoned by the company, was not then effective, and the company itself was defunct.

Deponent testifies to the terms of the new lease, also to the declarations made by Heaphy at the time of the negotiations as to his right to give a lease to Powell, as to the Burnell-Faulkner Company and the previous lease to it; also to his paying to Heaphy by check, as Powell's agent, the rent called for by the new lease, as it became due, during the time deponent continued in the latter's employ as manager of the garage; also to the payment of the sum equal to the rent in arrears from the Burnell-Faulkner Company, which under the agreement for the new lease was to be paid by Powell.

The testimony of deponent need not be further stated nor more in detail. It seems certain that before and at the time of the trial, Powell had knowledge that Fleming, if called as a witness, could testify substantially as now appears from his de-

position, and consequently his evidence is not newly discovered. *Hemenway* v. *Lincoln, supra.*

[3]    Nor is the second ground of the petition more available; for, by failing to move for a continuance of the case to enable them to find and have the benefit of deponent as a witness, the petitioners elected to go to trial on such evidence as they had. *Badger* v. *State*, 69 Vt. 217, 37 Atl. 286.

*Petition dismissed with costs.*