CAPITAL GARAGE CO. *v.* JOHN W. GORDON.

May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Recognizance—Void When Taken by Unauthorized Person— New Trial—Recognizance Must Be Taken Before Justice of Supreme Court.*

1. A recognizance is an obligation of record entered into before a court or officer duly authorized for that purpose.
2. A recognizance is void when taken by one not lawfully authorized so to do.

3. Under G. L. 2304, recognizance on petition for a new trial must be entered into before a Justice of the Supreme Court; and a master in chancery, not being an "officer duly authorized for that purpose," recognizance entered into before him is void, and being void nothing done by Justice, court, or party could make it valid.

ACTION OF CONTRACT on a recognizance. Plea, general issue. Trial by jury at the September Term, 1924, Washington County, *Willcox,* J., presiding. Verdict directed for defendant, and judgment thereon. The plaintiff excepted. The opinion states the case. *Affirmed.*

*H. C. Shurtleff* for the plaintiff.

*John W. Gordon* for the defendant.

POWERS, J. [1, 2] A recognizance, which is defined to be an obligation of record entered into before a court or officer duly authorized for that purpose, is void when taken by one not lawfully authorized so to do. *Commonwealth* v. *Loveridge,* 11 Mass. 337; *Harrington* v. *Brown,* 7 Pick. (24 Mass.) 232; *Reardon* v. *People,* 123 Ill. App. 81; *Cooper* v. *State,* 23 Ark. 278; *State* v. *Winninger,* 81 Ind. 51; *State* v. *Kruise,* 32 N. J. Law, 313; *Morrow* v. *State,* 5 Kan. 563; Bennett, J., in *Wilder* v. *Eldridge,* 17 Vt. 223.

[3] The one here sued on was entered into before a master in chancery, and was attached to the petition for a new trial in *Capital Garage Co.* v. *Powell,* 97 Vt. 328, 123 Atl. 200, which petition was brought to this Court. G. L. 2304 requires such a recognizance to be entered into before a Justice of this Court. No other court or magistrate is authorized by law to take it. So the master in chancery was not an "officer duly authorized for that purpose," and the recognizance is void; and being void, nothing done by Justice, court, or party could make it valid. *State* v. *Winninger, supra.* Cf. *Roy* v. *Phelps,* 83 Vt. 174, 74 Atl. 1002, 138 A. S. R. 1078.

No question of estoppel is raised or considered.

*Judgment affirmed.*