EDWARD H. HOLDEN *v.* GEORGE F. CAMPBELL.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 26, 1929.

*Collins M. Graves* for the defendant.

*Edward H. Holden* for the plaintiff.

SLACK, J.  This is a petition to the county court, brought under G. L. 2299, for the allowance of an appeal from a decree of the probate court allowing the supplemental account of the special administrator of the estate of Michael Flynn.  On facts found the prayer of the petition was granted and judgment was entered disallowing said account with costs to the petitioner. The case is here on defendant's exceptions. ·

The defendant challenged the jurisdiction of the court below, in various ways, on the ground that the recognizance taken when the petition issued did not comply with G. L. 2304, which provides:  ''A petition for a new trial or to enter an appeal shall not issue until a justice of the supreme court, the presiding judge or a municipal or city judge of the court having jurisdiction of the same, as the case may be, has taken sufficient security by way of recognizance to the adverse party, which shall be minuted on the citation or petition, conditioned,'' etc., and excepted to all of the court's rulings relating thereto.

The only recognizance taken in the instant case is that provided by G. L. 1707 for writs of summons, and was taken by the clerk of Bennington county court who signed the citation. The petitioner insists that this is sufficient—that the provisions of G. L. 2304 do not apply to petitions of this nature, and calls attention to *Durkee* v. *Marshall,* 17 Vt. 559, where it is said that the provisions of R. S. Ch. 33, § 10, which in some respects were similar to those of G. L. 2304, apply only to petitions for an appeal from the judgment of a justice court in cases of fraud, accident, or mistake.  When all the provisions of the present

statute relating to new trials and appeals are considered together, as they must be, it is apparent that the provisions of G. L. 2304 were not intended to be so limited in their application as the provisions of the earlier statute appear to have been in the case relied upon.

The petitioner insists that a defective recognizance does not affect the jurisdiction of the court over petitions like this one, and cites *Houghton* v. *Slack*, 10 Vt. 520, in support of this claim. Concerning this it is enough to say that the statute under consideration in that case was directory, while the statute before us is mandatory.

The petitioner contends, too, that the only security necessary where the petition is for an appeal from a decree of the probate court is that required by G. L. 2299, which was furnished. This claim is untenable. The latter statute provides that "on granting" the petition the court shall make an order respecting security for costs. For costs incident to the determination of whether the petition shall be granted the defendant under this statute has no security. And when, as in the instant case, the main question is heard with the petition, he is without security until the whole matter is adjudicated, and even then if he prevails, since it is only "on granting" the petition that the court has authority to order costs.

We find no support for the claim that the provisions of G. L. 2304 were not intended to apply to petitions like this one; they apply to all petitions mentioned in G. L. Ch. 115.

The recognizance taken in this case was void. *Capital Garage Co.* v. *Gordon,* 99 Vt. 83, 130 Atl. 756. Therefore the petition stands the same as though no recognizance had been taken.

■■ Petitions of this kind are purely statutory, and this Court has repeatedly held that when the Legislature creates a remedy contingent upon its being asserted within a specified time or in a prescribed manner, such requirements must be substantially complied with in order to give the court jurisdiction. So exceptions must be filed within the time fixed by statute, *Cole* v. *Walsh,* 97 Vt. 256, 122 Atl. 664; *Rinfert* v. *Tripp,* 97 Vt. 404, 123 Atl. 430; *Hotel Vermont Company* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496; *Gordon* v. *Mead,* 81 Vt. 36, 69 Atl. 134; *Mead* v. *Moretown,* 72 Vt. 323, 47 Atl. 1072; they must be signed by the one empowered by the Legislature to sign them, *Small* v.

*Haskins,* 29 Vt. 187; a petition under G. L. 4452 to discontinue a highway must be brought by the persons authorized to bring it, *Barton* v. *Sutton,* 93 Vt. 102, 106 Atl. 583; the affidavit required by G. L. 2360 must be filed before the writ can issue as a capias, *Pike Brothers* v. *McMullin,* 66 Vt. 121, 21 Atl. 876. Other cases of like import might be cited, but the foregoing are sufficient to show that this petition is void for want of a proper recognizance. Since this is so, all proceedings under it are void. Other questions raised are not considered.

*Proceedings in the court below held for naught, and petition dismissed with costs.*